**Willie C. KELLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39352.

Court of Criminal Appeals of Texas.

Feb. 23, 1966.

Rehearing Denied April 13, 1966.

Howard O. Lake, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and C. A. Davis, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery by assault with two prior non-capital felony convictions alleged for enhancement; the punishment, life.

Houston filling station attendant Thibodeaux testified that shortly after midnight on the night in question appellant came to his station, asked to use the rest room and then departed. Some fifteen minutes later, appellant returned, had the automobile he was driving serviced, and when this was completed he told Thibodeaux, "Give me the money, and you won't get shot", at which time he had his right hand in his pants pocket, and the outline of a pistol in his pocket was apparent. Thibodeaux surrendered $94.11 of the funds from the station cash drawer, and as appellant drove away, the witness took down the license number, and the police were notified. It was shown that the automobile was found abandoned in Houston and was later returned to Fort Worth from where it had been stolen. Thibodeaux identified appellant in a police line up approximately a week after the robbery.

Appellant, testifying in his own behalf, admitted the two prior convictions but denied being in Houston on the day of the robbery. He explained that he spent three days drinking with his former employer Cisson, the owner of the automobile, and then drank with a woman, whose name he did not know, in hotels near the Fort

Worth stockyards for five days, at the conclusion of which he called Mr. Cisson and informed him that he had not stolen his automobile.

The jury chose to reject appellant's defense of alibi, and we find the evidence sufficient to support the conviction.

There are no formal bills of exception and no informal bills which raise the question presented in appellant's brief relating to the reading to the jury of the enhancement counts in the indictment. Regardless of this, we remain convinced of the soundness of our opinion in Crocker v. State, Tex.Cr.App., 385 S.W.2d 392, and cases there cited.

The judgment is affirmed.

