James N. MOYE

v.

The STATE OF GEORGIA, Department of Law.

Civ. A. No. 14558.

United States District Court, N. D. Georgia, Atlanta Division.

Aug. 23, 1971.

---

James N. Moye, pro se.

Arthur K. Bolton, Atty. Gen., David L. G. King, Jr., Asst. Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

EDENFIELD, District Judge.

Petitioner, a state prisoner incarcerated in the Georgia Diagnostic and Classification Center, was given leave to file in forma pauperis a petition for the writ of habeas corpus. Petitioner has amended twice and the State has filed in response a brief, several affidavits, and transcripts of the criminal trial and the state court habeas corpus hearing. Petitioner alleges exhaustion of state remedies and respondent does not challenge that allegation.

The material facts in this action are not at issue. Petitioner was tried and convicted in December, 1969, of the crimes of motor vehicle theft and credit card theft. Security personnel at a local department store suspected that petitioner had made purchases and refunds at branches of the store using a store credit card issued to a Mr. Holiday. On July 23, 1969, a store security guard observed petitioner making a refund and purchase and a check revealed that he fit the description of a man who had purchased items at another branch using the Holiday card. The guard notified personnel at other branches of the store, and on July 24, 1971, petitioner appeared at one of the branches and returned an item for a refund. A security guard "arrested" and searched him and discovered an oil company credit card issued to a Mr. Coursey. The police were called and the guard retained the Coursey card when petitioner was taken to jail. Subsequently, a car which petitioner had been seen driving but which did not belong to him was found at that branch store and

in it was the Holiday credit card. Petitioner was booked on "open charges" and then presented for a preliminary (commitment) hearing. He requested counsel at the preliminary hearing but none was provided, and he pleaded not guilty.

■ Petitioner claims first that his "arrest" by the security guard was illegal and that evidence obtained thereby cannot be used against him. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). This same argument was made by petitioner's court-appointed counsel at trial on a motion to suppress, but the trial judge overruled the motion. The only evidence that resulted from the search by the security guard was the Coursey card which formed the basis for Count Two on the charge of credit card theft. At trial, it was found that Count Two charged petitioner with unlawful possession of the Coursey card on July 29, 1969. Since the security guard retained possession of the Coursey card after July 24 it was physically impossible for petitioner to have possessed it on July 29, and for this reason the trial judge struck Count Two of the indictment and instructed the jury to disregard all testimony related to it. The *Mapp* issue, therefore, was rendered moot, and petitioner's attack on that ground must fail.

■ Petitioner next says that he was denied counsel at the preliminary (commitment) hearing despite his requests. The preliminary hearing in Georgia [Ga. Code Ann. Ch. 27–4] is strikingly similar to the one described by the Supreme Court in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), in which the Court held that Alabama's preliminary hearing was a "critical stage" at which counsel for defendant must be provided. The Georgia courts and the Fifth Circuit have repeatedly held, prior to *Coleman,* that the denial of counsel at the preliminary hearing is not unconstitutional. *E. g.,* Kerr v. Dut-

ton, 393 F.2d 79 (5th Cir. 1968).[1] In the instant case trial occurred before *Coleman.* The Supreme Court has not decided whether *Coleman* is to be applied retroactively, although it has granted certiorari recently on this very question. Adams v. Illinois, 401 U.S. 953, 91 S.Ct. 981, 28 L.Ed.2d 236 (1971). The Sixth Circuit has held that *Coleman* should not be applied retroactively. Harris v. Neil, 437 F.2d 63 (6th Cir. 1971). But this court will not reach that issue because petitioner did not raise it at his state court habeas corpus hearing, and having failed to exhaust his state remedies petitioner cannot raise that issue here. Donlavey v. Smith, 426 F.2d 800 (5th Cir. 1970).

■ Petitioner claims that he was paraded before the jury in handcuffs and was the only person at the trial not wearing a coat and tie. In Brooks v. State of Texas, 381 F.2d 619 (5th Cir. 1967), the Court stated:

"It is inherently unfair to try a defendant for crime while garbed in his jail uniform, especially when his civilian clothing is at hand. No insinuations, indications or implications suggesting guilt should be displayed before the jury, other than admissible evidence and permissible arguments." Brooks v. State of Texas, *supra,* at 624.

Question has been raised as to the extent and applicability of *Brooks* in factual settings which differ from it. Xanthull v. Beto, 307 F.Supp. 903 (S.D. Tex.1970). However, the trial transcript before this court discloses only that petitioner was seen in handcuffs by a witness in the anteroom leading to the courtroom. Although it is true petitioner did not have on a coat and tie in the courtroom, that is not sufficient to bring this case within the language of *Brooks.*

■ Petitioner contends that his in-court identification by one of the witnesses was tainted because there was no

1. The Georgia Supreme Court has so held even after *Coleman.* Beavers v. Smith, 227 Ga. 344, 180 S.E.2d 717 (1971). The preliminary hearing in that case was also post-*Coleman.*

pre-trial lineup and her identification of him was based solely on the nature of his attire and the fact that she saw him in handcuffs. It is true that the witness concerned testified at one point: "I knew he was the defendant firstly because I knew that he was the man that I sold the razor to. Secondly, because of his handcuffs and the position in which he seated himself." (Trial Transcript, p. 126.) Nevertheless, the bulk of her testimony was that she remembered petitioner distinctly because when he purchased an electric razor from her he was dressed totally in black garments and black shoes. She further testified that she saw and recognized petitioner on two occasions prior to trial and prior to seeing him in handcuffs. This same issue was raised by petitioner's counsel before the Georgia Court of Appeals which fully considered the matter. Moye v. State, 122 Ga.App. 14, 176 S.E.2d 180 (1970). This court agrees with the Court of Appeals that the test is whether, under "the totality of the circumstances, the conduct of the identification procedure was so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a denial of due process." Foster v. California, 394 U.S. 440, 442, 89 S.Ct. 1127, 1128, 22 L.Ed.2d 402 (1969); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). In this case, under the totality of the circumstances, the in-court identification procedure did not constitute a denial of due process.

The final issue is whether petitioner was denied due process and effective assistance of counsel because he was unable to obtain a rehearing of his appeal before the Georgia Court of Appeals. The record before this court shows that the decision on appeal of the Court of Appeals was rendered June 11, 1970. By letter dated June 14, 1970, petitioner asked the presiding judge of the Court of Appeals to grant him a rehearing, and if the Court of Appeals would not rehear the case he asked that he be appointed counsel to pursue his case to the Georgia Supreme Court. On June 16, 1970, the presiding judge of the Court of Appeals who received petitioner's letter sent a note to the Clerk of the Court asking him to advise petitioner "that we will consider a motion for rehearing if one is filed, and that if it is denied, he can file an application for certiorari to the [Georgia] Supreme Court, either by his attorney or acting as his own attorney." The Clerk, by letter dated June 16, 1970, wrote to petitioner:

"[T]he Court wishes me to advise you that a motion for rehearing is proper and will be considered by the Court if it is filed in accordance with the rules. Under the rules of this Court, a motion for rehearing must be filed within ten days of the judgment. Your last day for filing such a motion in this case is June 22.

"In the event the motion for rehearing is denied, an application for a writ of certiorari may be filed in the Supreme Court, either by you or your attorney.

"Since you were represented in this Court by competent counsel, there is no provision in the law for the appointment for additional counsel by this Court."

Upon receipt of this letter petitioner says, and respondent does not deny, that he sent a special delivery letter to one of his court-appointed attorneys requesting that he file a motion for rehearing. Petitioner did not hear further from his counsel. On July 12, 1970, petitioner wrote to the Clerk of the Georgia Supreme Court applying for the writ of certiorari. In a series of letters the Clerk pointed out that in order to apply for the writ of certiorai petitioner should have: (1) moved for a rehearing in the Court of Appeals; (2) upon adverse disposition there given notice to the Clerk of that Court within ten days of the final judgment of his intention to apply for the writ of certiorari; and (3) applied to the Clerk of the Supreme Court for the writ within 30 days of the final judgment by the Court of Appeals. Since petitioner met none of these

requirements, the Clerk of the Supreme Court could not entertain petitioner's application.

■ It is not disputed here that petitioner is indigent. The United States Supreme Court has held that on an appeal granted of right an indigent may not be denied assistance of counsel. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Court held that should the indigent's counsel decide that in his view the prosecution of an appeal is frivolous:

(1) he must so advise the state court and request permission to withdraw;

(2) the request must be accompanied by a brief referring to anything in the record which might support an appeal;

(3) a copy of that brief must be supplied the indigent defendant; and

(4) the state court must then decide whether the appeal is, in fact, frivolous.

If counsel does not fulfill his requirements in this regard, there is an unconstitutional denial of effective assistance of counsel. Schwander v. United States, 386 F.2d 20 (5th Cir. 1967).

The State contends that these cited cases are inapposite because petitioner received his first appeal of right and the question here concerns a step beyond appeal—the rehearing. Although there is no precedent directly in point, the Fifth Circuit has said: "The State may discharge this obligation [of appointing counsel on appeals of right] in various ways, such as appointing counsel to serve from the initial stages *through* the first appeal, or until relieved by the Court or by appointing new counsel at the various stages. But whatever the system—adequate representation must be provided *through* appeal." Byrd v. Smith, 407 F.2d 363, 365 (5th Cir. 1969) (emphasis added).

■ This court is of the opinion that the rehearing is an integral part of the first appeal in Georgia and that the constitutional requirement of effective assistance of counsel *through* appeal was not satisfied in the instant case. Under Rules 8 and 9 of the Georgia Court of Appeals [Ga.Code Ann. §§ 24–3608, 24–3609] that Court has jurisdiction over a case when the notice of appeal is filed and the record below transmitted to it. Under Rule 36 [Ga.Code Ann. § 24–3636], absent notice of an intention to file an application to the Georgia Supreme Court for the writ of certiorari, and absent the filing of a motion for rehearing, the Clerk of the Court must transmit the remittitur from the Court of Appeals to the trial court after the expiration of ten days from the date of judgment, unless the Court orders otherwise. In order for *Douglas* and *Anders* to be meaningful this court must hold that effective assistance of counsel has to be provided an indigent defendant at all stages of that first appeal—from the time the notice of appeal is filed until the remittitur is transmitted back to the trial court or to the Georgia Supreme Court. Surely there could be no dispute that the requirement of effective assistance of counsel on appeal is not met by the mere filing of the notice to appeal without the submission of the requisite enumeration of errors, a brief, and oral argument. Effective assistance of counsel *"through* appeal" can mean only "through" to the very end of that first appeal. In the present case the State admits that it was not informed by petitioner's counsel that he had withdrawn from the case, and it does not refute petitioner's statement that he mailed a special delivery letter to his counsel within the time period for filing a motion for rehearing and did not get a response. Under these circumstances there has been a denial of effective assistance of counsel "through appeal." Anders v. California, *supra;* Byrd v. Smith, *supra.*

■ Even if the rehearing were not considered part of the first appeal of

right petitioner has been denied due process of law. Rule 35 of the Georgia Court of Appeals [Ga.Code Ann. § 24–3635] provides that a motion for rehearing must be filed within ten days of the rendition of judgment and that a "certificate of counsel" showing the specific error in that judgment must be attached to the motion. The State places great emphasis on this latter provision and argues that petitioner's court-appointed counsel believed he could not, in good conscience, sign the "certificate of counsel" because he saw no grounds for a rehearing. Since petitioner placed himself in the hands of this counsel, says the State, he is bound by counsel's judgment.

This court has learned from the Clerk of the Georgia Court of Appeals that the "certificate of counsel" required to be attached to a motion for rehearing may be prepared and signed entirely by a defendant pro se. It has, in fact, been the practice of the Court of Appeals to entertain motions for rehearing prepared solely by defendants themselves and accompanied by pro se "certificates of counsel" as long as they are filed within ten days of the rendition of judgment. Petitioner had, indeed, placed himself in the hands of the State and state-appointed counsel due to his indigency, and he had no way of knowing that his appointed counsel would not comply with his request to file a motion for rehearing or that he could file it himself. The State says that the letter from the Clerk of the Court of Appeals to petitioner explicitly said that either petitioner or his attorney could file the motion for rehearing. But that is simply not true. That letter said: "In the event the motion for rehearing is denied, an application for a *writ of certiorari* may be filed in the Supreme Court, either by you or your attorney." (Emphasis added.) No such language was used with reference to the filing of the motion for rehearing. Clearly the Court of Appeals

assumed that petitioner was still represented by counsel at that point, for if not, it could have treated petitioner's letter of June 14, which contained the requisite citations of error, as a motion for rehearing. Furthermore, under the Georgia Criminal Justice Act [Ga.Code Ann. § 27–3208] the Court of Appeals had the authority to assign a substitute counsel at that stage had counsel informed it of his desire to withdraw. The State and its appointed counsel cut off petitioner's access to the appellate process unfairly, while petitioner, an indigent, had no choice due to his poverty but to rely upon them. The State's denial of petitioner's access to the appeals process was unconstitutional. *Cf.*, Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963). "Once the State chooses to establish appellate review in criminal cases, it may not foreclose indigents from access to any phase of that procedure because of their poverty." Burns v. Ohio, 360 U.S. 252, 257, 79 S.Ct. 1164, 1168, 3 L.Ed.2d 1209 (1959).

■ The granting of the writ of habeas corpus should be withheld to enable the State to grant petitioner the belated opportunity to file, with the assistance of counsel, a motion for rehearing with the Court of Appeals, and, should that Court dispose of the motion adversely to petitioner, the additional belated opportunity to apply for the writ of certiorari with the Georgia Supreme Court.

It is therefore ordered that, unless the State shall, within 60 days, grant petitioner the belated opportunity to file with the assistance of counsel a motion for rehearing and, should that Court dispose of the motion adversely to petitioner, the additional belated opportunity to file an application for the writ of certiorari with the Georgia Supreme Court, the petitioner shall stand discharged. The Clerk is directed to submit the file to this court upon the expiration of 60 days from the date of this order.