PER CURIAM.
These appeals are from orders denying appellants’ motion for relief pursuant to CrPR 1.850, 33 F.S.A. Each appellant appeals from the same order and Galtieri appeals from a denial of a supplemental motion. The appellants were tried together and the appeals advance the same grounds for relief. They have been consolidated for all appellate purposes.
The appellants were found guilty after a jury trial of robbery. Galtieri was sentenced to prison for twenty-five years and Matera was sentenced to prison for life. Appeals were brought by both appellants and the judgments and sentences were affirmed.[1]
Thereafter a motion for relief pursuant to CrPR 1.850 was brought on behalf of both appellants seeking relief upon several grounds. This motion was with the court’s permission amended and supplemented. The trial judge entered an order for evi-dentiary hearing. Later upon a review of the entire record, after the filing of a supplemental affidavit, the trial judge entered the order appealed which rescinded the order for evidentiary hearing and denied the motion as supplemented without eviden-tiary hearing.
Our review of the record convinces us that there is only one ground in the motion and amended motions which is not either refuted by the record or foreclosed by the appeal from the judgment. The appellants allege that at their trial the state used the testimony of one Bruce Braverman, and that during the trial it was revealed that Braverman had, on more than one occasion, testified before a New York State Grand Jury. It was further alleged that the state knew of grand jury testimony which would have impeached the testimony of Braverman at the trial.
A withholding by the state of knowledge of evidence known to be useful to the defendant, even though useful only for impeachment purposes, can be grounds for a new trial. See Pitts v. State, Fla.1971, 247 So.2d 53; State v. Pitts, Fla.App.1971, 249 So.2d 47. In the latter opinion the appellate court held:
“Recognizing that the suppressed statement did not directly relate to the defendant Freddie Pitts, the argumentation contained in the Attorney General’s memorandum brief before the Supreme Court contends that he too was denied due process of law by virtue of the suppression of the subject statement inasmuch as the defense counsel, had he known that the State’s chief witness, Willie Mae Lee, had earlier made a prior inconsistent statement as to the complicity of Smith rather than Lee, might have chosen to ‘go to trial and submit Willie Mae Lee’s credibility to the jury in light of her prior inconsistent statement.’ * * * We have never known a case wherein an appellate court has held that matters going to the credibility of a witness are cognizable in a habeas or other post-conviction proceeding following a guilty plea, yet such is the argument successfully urged by the Attorney General in behalf of these defendants.
*845 “We know of no basis upon which the benefit of such a rule may be extended to these defendants and withheld from others.
“Accordingly, we now recede from so much of our decision implicit in which is the holding that matters going to the credibility of a state’s witness are not cognizable in habeas or other post-conviction proceedings following a guilty plea. Further, we adopt the rule in this jurisdiction advanced in behalf of these defendants by the Attorney General and now hold that matters going to the credibility of a state’s witness are cognizable in habeas or other post-conviction proceedings notwithstanding a guilty plea.
“The constitutional imperative of equal protection demands no less. That protection is due the unpopular as well as the popular, the prisoner who stands alone as well as those whose cause is widely celebrated.”
* * * * * *
It is noted that the opinion quoted from was handed down after the Supreme Court of Florida decided Pitts v. State, Fla.1971, 247 So.2d 53, and was not available to the trial judge at the time he ruled upon appellants’ motion for relief pursuant to CrPR 1.850.
Under these holdings, it is apparent that appellants’ motion contains a claim of the violation of their right to a fair trial. The claim is not refuted by the record, therefore an evidentiary hearing must be granted to the appellants upon this ground of their motion. The order appealed is reversed and the cause remanded for an evi-dentiary hearing on the specified ground of the motion pursuant to CrPR 1.850.
Reversed.

. Matera v. State, Fla.App.1969, 218 So.2d 180.