**James N. MOYE, Petitioner-Appellee,**

v.

**N. L. HIGHSMITH, Acting Warden, Macon Correctional Institution, Respondent-Appellant.**

No. 71-3568.

United States Court of Appeals, Fifth Circuit.

June 13, 1972.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., Harold N. Hill, Jr., David L. G. King, Jr., Courtney Wilder Stanton, Asst. Attys. Gen., for respondent-appellant.

Jerome A. Zivan, Atlanta, Ga., Glenn Zell, Atlanta, Ga. (Court Appointed), for petitioner-appellee.

Before WISDOM, THORNBERRY and GODBOLD, Circuit Judges.

PER CURIAM:

Petitioner was convicted in a Georgia state court of theft. He appealed through his court-appointed attorneys to the Georgia Court of Appeals. The Court of Appeals rendered its decision affirming the conviction of June 11, 1970.

By letter dated June 14, 1970, petitioner asked the presiding judge of the Court of Appeals to grant him a rehearing, and if the Court of Appeals would not rehear the case he asked that he be appointed counsel to pursue his case to the Georgia Supreme Court. On June 16, 1970, the presiding judge of the Court of Appeals who received petitioner's letter sent a note to the Clerk of the Court asking him to advise petitioner "that we will consider a motion for rehearing if one is filed, and that if it is denied, he can file an application for certiorari to the [Georgia] Supreme Court, either by his attorney or acting as his own attorney." The Clerk, by letter dated June 16, 1970, wrote to petitioner:

"The Court wishes me to advise you that a motion for rehearing is proper and will be considered by the

Court if it is filed in accordance with the rules. Under the rules of this Court, a motion for rehearing must be filed within ten days of the judgment. Your last day for filing such a motion in this case is June 22.

"In the event the motion for rehearing is denied an application for a writ of certiorari may be filed in the Supreme Court, either by you or your attorney.

"Since you were represented in this Court by competent counsel, there is no provision in the law for the appointment for additional counsel by this Court."

Upon receipt of this letter petitioner says, and respondent does not deny, that he sent a special delivery letter to one of his court-appointed attorneys requesting that he file a motion for rehearing. Petitioner did not hear further from his counsel. On July 12, 1970, petitioner wrote to the Clerk of the Georgia Supreme Court applying for the writ of certiorari. In a series of letters the Clerk pointed out that in order to apply for the writ of certiorari petitioner should have: (1) moved for a rehearing in the Court of Appeals; (2) upon adverse disposition there given notice to the Clerk of that Court within ten days of the final judgment of his intention to apply for the writ of certiorari; and (3) applied to the Clerk of the Supreme Court for the writ within 30 days of the final judgment by the Court of Appeals. Since petitioner met none of these requirements, the Clerk of the Supreme Court could not entertain petitioner's application.

Moye v. Georgia, 330 F.Supp. 290 (N.D. Ga.1971).

After exhausting his state remedies, petitioner filed this habeas corpus proceeding in the district court. The court ruled against petitioner on all his points except one. The court held that the course of events described above, which resulted in two steps in the Georgia appellate process being foreclosed to petitioner, amounted to a denial of due process and a denial of effective assistance of counsel.

The district court based its decision on alternative grounds. First, it concluded that the constitutional requirement of counsel for indigents on appeal, Byrd v. Smith, 5th Cir. 1969, 407 F.2d 363, extends to the petition for rehearing stage at the first appellate level, especially when filing a petition for rehearing is a prerequisite for appeal to a higher court. Since petitioner's counsel did not assist him after the original decision of the Court of Appeals was handed down, the court concluded petitioner was denied effective assistance of counsel. Alternatively, the court held that even if appointed counsel is not required to file a petition for rehearing, petitioner was denied due process by the failure of the Court of Appeals of the State to adequately notify him of his right to file the petition pro se. We express no opinion on the ineffective assistance of counsel issue, but affirm on the ground that petitioner was denied due process. We are in agreement with the rationale set out in the district court's excellent opinion on this issue.

Even if the rehearing were not considered part of the first appeal of right petitioner has been denied due process of law. Rule 35 of the Georgia Court of Appeals [Ga.Code Ann. § 24–3635] provides that a motion for rehearing must be filed within ten days of the rendition of judgment and that a "certificate of counsel" showing the specific error in that judgment must be attached to the motion. The State places great emphasis on this latter provision and argues that petitioner's court-appointed counsel believed he could not, in good conscience, sign the "certificate of counsel" because he saw no grounds for a rehearing. Since petitioner placed himself in the hands of this counsel, says the State, he is bound by counsel's judgment.

This court has learned from the Clerk of the Georgia Court of Appeals that the "certificate of counsel" required to be attached to a motion for rehearing may be prepared and signed entirely by a defendant pro se. It has, in fact, been the practice of the Court of Appeals to entertain motions for rehearing prepared solely by defendants themselves and accompanied by pro se "certificates of counsel" as long as they are filed within ten days of the rendition of judgment. Petitioner had, indeed, placed himself in the hands of the State and state-appointed counsel due to his indigency, and he had no way of knowing that his appointed counsel would not comply with his request to file a motion for rehearing or that he could file it himself. The State says that the letter from the Clerk of the Court of Appeals to petitioner explicitly said that either petitioner or his attorney could file the motion for rehearing. But that is simply not true. That letter said: "In the event the motion for rehearing is denied, an application for a *writ of certiorari* may be filed in the Supreme Court, either by you or your attorney." (Emphasis added.) No such language was used with reference to the filing of the motion for rehearing. Clearly the Court of Appeals assumed that petitioner was still represented by counsel at that point, for if not, it could have treated petitioner's letter of June 14, which contained the requisite citations of error, as a motion for rehearing. Furthermore, under the Georgia Criminal Justice Act [Ga.Code Ann. § 27–3208] the Court of Appeals had the authority to assign a substitute counsel at that stage had counsel informed it of his desire to withdraw. The State and its appointed counsel cut off petitioner's access to the appellate process unfairly, while petitioner, an indigent, had no choice due to his poverty but to rely upon them. The State's denial of petitioner's access to the appeals process was unconstitutional.

Moye v. Georgia, 330 F.Supp. 290, 294–295 (N.D.Ga.1971).

The granting of the writ of habeas corpus should be withheld to enable the State to grant petitioner the belated opportunity to file, with the assistance of counsel or pro se, a motion for rehearing with the Georgia Court of Appeals, and, should that Court dispose of the motion adversely to petitioner, the additional opportunity to apply for the writ of certiorari with the Georgia Supreme Court.

Unless the State shall, within 60 days, grant petitioner the opportunity to file a motion for rehearing and, should the Court of Appeals dispose of the motion adversely to petitioner, the additional opportunity to file an application for the writ of certiorari with the Georgia Supreme Court, the petitioner shall stand discharged.

Affirmed.