Willis C. KELLEY,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 75–2034
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 17, 1975.

---

1. This fact is established, and may be found in Appellant's first amended original complaint and in the pre trial order.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Huntsville, Tex., for petitioner-appellant; Willis C. Kelley, pro se.

Calvin Botley, Asst. Atty. Gen., John L. Hill, Atty. Gen., Houston, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge:

Petitioner Willis C. Kelley appeals from the district court's denial of federal habeas corpus relief. After pleading not guilty at his trial in February, 1965, in the Harris County, Texas, Criminal District Court, Kelley was convicted of the nighttime robbery of a Houston gas station. The jury imposed a life sentence pursuant to the then existing version of the Texas habitual offender statute. Tex.Pen.Code Ann. art. 12.42 (1974), *amending,* Tex.Pen.Code Ann. art. 63. Appellant's conviction was affirmed on direct appeal to the Texas Court of Criminal Appeals, *Kelley v. State,* 400 S.W.2d 760 (Tex.Cr.App.1966).

In 1971, the state trial court denied petitioner's application for a writ of habeas corpus. The Texas Court of Criminal Appeals again affirmed and a habeas corpus petition was filed in the federal district court. After an evidentiary hearing, that court denied relief, and, for the reasons stated below, we affirm.

## I.

Appellant's primary contention is that the in-court identification of petitioner was impermissibly tainted by suggestive pretrial photographic identification. The relevant facts are as follows. Three or four days after the gas station robbery, the only testifying eyewitness, station attendant Gene Thibodeaux, identified a police photograph of Kelley as that of his assailant. Shortly thereafter, Thibodeaux picked Kelley out of a group of five men in a police show up which is not objected to here. Finally, at trial six months later, Thibodeaux again pointed to petitioner as the robber.

George A. Scharmen, II, Staff Counsel for Inmates, Texas Dept. of Corrections,

Kelley seems to assert that the police told the testifying witness, before showing him the single photograph, that the automobile involved in the crime was registered in Fort Worth, and also that the person pictured was from Fort Worth. These statements are said to be so suggestive as to violate petitioner's due process right to a fair trial. The record indicates that Thibodeaux's testimony as to the facts surrounding the photographic identification is confused, perhaps even contradictory. However, in view of the district court's findings, we need not resolve this factual or the ultimate "suggestiveness" issue.

■ The test for evaluating the admissibility of the in-court identification is set out in *Simmons v. United States,* 1968, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 where the Supreme Court stated:

> [E]ach case must be considered on its own facts, and . . . convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

*Accord, Powell v. Wainwright,* 5 Cir. 1972, 460 F.2d 1056, 1057. The district court correctly applying this standard determined that even if the pretrial photographic identification procedure was impermissibly suggestive, Thibodeaux's "in-court identification of petitioner was based upon observations of him at the scene of the crime and was completely independent of and untainted by the pretrial photographic identification." This conclusion was based on the lower court's crediting Thibodeaux's uncontroverted trial testimony that he had several conversations with petitioner before and during the robbery, that petitioner was two feet away, and that the lighting was good, and Thibodeaux's further statement that there was no question in his mind but that petitioner was the same person who had robbed him. Hav-

ing examined the record anew, we conclude that these findings of fact are not "clearly erroneous," *Carroll v. Beto,* 5 Cir. 1969, 402 F.2d 61, 62; *Tyler v. Beto,* 5 Cir. 1968, 391 F.2d 993, 995, and that the decision below must be affirmed as to the question of photographic identification.

II.

■ On appeal to this Court, Kelley argues for the first time that his conviction violated Texas's "Two-witness Rule," Tex.Code Crim.Proc., Ann., art. 38.17 (Supp.1975) which requires that:

> [i]n all cases where, by law, two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction.

Because petitioner failed to exhaust available state court remedies with respect to this claim, we express no opinion as to its merits. 28 U.S.C. § 2254.

■ Generally, where more than one issue is presented in a habeas corpus petition, we refuse to decide the merits as to any issue until the exhaustion rule has been complied with as to all issues. *E. g. Burroughs v. Wainwright,* 5 Cir. 1972, 454 F.2d 1165, 1166; *Hargrett v. Wainwright,* 5 Cir. 1973, 474 F.2d 987, 988. This policy stems from considerations of comity with the state courts and a desire to avoid piecemeal litigation. However, the practice of postponing decision until all contentions are properly before the reviewing court is not a rigid rule. *See Harris v. Estelle,* 5 Cir. 1974, 487 F.2d 1293, 1296–97. When conflicting interests outweigh the usual policy considerations noted above, we will examine the exhausted claim while refusing to hear the non-exhausted issues. *See, e. g., Singleton v. Estelle,* 5 Cir. 1974, 492 F.2d 671, 676–77; *Harris v. Estelle, supra; McDonald v. Wainwright,* 5 Cir. 1972, 466 F.2d 1136, 1137–38; *Hill v. Dutton,* 5 Cir. 1971, 440 F.2d 34, 35–36. Here, where appellant is acting pro

se, the non-exhausted assertion was appended to appellant's petition only on appeal to this Court, and appellant has been incarcerated for ten years, we believe that considerations of fairness and judicial economy dictate that we dispose of the one issue properly before the court. The decision of the district court with respect to the claim of prejudicial pretrial photographic identification is affirmed.