Edward   WATKINS,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 75–3598
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 5, 1976.

Ray J. McQuary, Texas Dept. of Corrections, Darrington Unit, Rosharon, Tex., for petitioner-appellant.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

John L. Hill, Atty. Gen., Austin, Tex., W. Barton Boling, Asst. Atty. Gen., El Paso, Tex., for respondent-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Petitioner was convicted upon his plea of guilty of murder with malice in Texas state court and received a fifty-year sentence. Before seeking relief in Federal court, petitioner sought habeas corpus before the Court of Criminal Appeals of Texas. In state court, petitioner alleged that before a guilty plea could be accepted the district attorney had to affirmatively state in writing that the prosecution would not seek the death penalty. Contending that no such written notice was filed in his case, petitioner argued solely that his guilty plea should be vacated under state law. The state court held that no written notice was required under Texas law and denied the petition. *Ex parte Watkins*, 489 S.W.2d 617 (Tex. Cr.App.1973).

Subsequently, petitioner presented the district court with a petition for habeas corpus contending that he was unconstitutionally coerced by the Texas procedure to waive his right to a trial by jury. The district court denied the petitioner's claim on the merits. Even though petitioner alleged generally the same facts in both his state and federal petitions, he has never presented his constitutional issue to the state court. Since petitioner has not exhausted his state remedies, the cause is vacated and remanded with instructions to the district court to dismiss without prejudice as to all issues. *See, Lamberti v. Wainwright*, 513 F.2d 277 (5th Cir. 1975); *Minafee v. Estelle*, 491 F.2d 1096 (5th Cir. 1974).

Vacated and remanded.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.