**Lonnie SMITH, Jr., Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 76–1195**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 5, 1976.

---

* Rule 18, 5 Cir. *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Lonnie Smith, Jr., pro se.

Dunklin Sullivan, Asst. Atty. Gen., John L. Hill, Atty. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellant, Lonnie Smith, Jr., was convicted of rape in a Texas court and sentenced to serve 60 years. Having exhausted his state post-conviction remedies, he petitioned the court below for a writ of habeas corpus. The writ was denied. In this appeal, Smith argues three separate grounds for reversal: (1) the in-court identification of Smith by the rape victim was improperly tainted by a pretrial photographic identification; (2) he was denied counsel during his pretrial "examining trial;" and, (3) the grand jury which indicted Smith was illegally constituted because it contained only freeholders.

The test for evaluating an allegation that an in-court identification was tainted by a prior photographic identification is set out in *Simmons v. United States*, 1968, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253, in which the Supreme Court held

that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *See Canal Zone v. Green C.*, 5 Cir. 1975, 521 F.2d 241; *Kelley v. Estelle*, 5 Cir. 1975, 521 F.2d 238.

In this case, the state trial court held a hearing outside the presence of the jury to review Smith's objection to the in-court identification. The United States Magistrate, whose findings were adopted by the district court in its denial of the writ, summarized the testimony at that state court hearing as follows:

The complaining witness testified that the officers showed her four photographs the day after the offense occurred, none of which she was able to identify as the rapist. She further testified that on or about May 1st, which was approximately five days after commission of the offense, an officer showed her a picture which she identified as being the man who raped her. Her identification at that time was definite. In response to the question "Is this the man?" she replied "Definitely so." She further stated that the officer made no other statement about the picture other than to pose the question "Is this the man?", to which she replied "Yes, definitely so." She testified that her court identification was based on what actually happened on April 25, 1968 rather than on the photograph previously shown to her. In previous testimony she had already testified that just prior to the attack she had had an opportunity to observe the rapist at close range in the well lighted washateria and had talked with him several minutes before the rape occurred in another part of the washateria. When the officers arrived following the attack, she was able to give a description of applicant and the clothes which he had been wearing. Nothing in the record suggests that the description was in any way inaccurate [citations to record omitted].

Our own review of the record convinces us that the state trial court, the

Texas Court of Criminal Appeals, and the district court below were all correct in concluding that the victim's in-court identification of Smith was not tainted. The pretrial photographic identification procedure might have been handled more carefully, but it was not, in these circumstances, "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

Appellant's second argument is that he was improperly denied counsel at his pretrial examining trial. The state trial court and the court below found that Smith was in fact represented by counsel at the examining trial. Smith presents a very plausible argument that the testimony on which those findings were based was consistent with the absence of any defense counsel.

■ We need not, however, decide whether this finding that counsel was present is clearly erroneous, because we agree with the alternative ground relied upon by the district court. *Coleman v. Alabama,* 1970, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, held that a preliminary hearing is a critical stage of the criminal process at which defendant is constitutionally entitled to assistance of counsel. In *Adams v. Illinois,* 1972, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202, the Supreme Court refused to give *Coleman* retroactive application. The examining trial at issue here occurred in 1968, and so *Adams* teaches us that *Coleman* is not to be applied to this case. Assuming, then, that Smith was denied appointed counsel at his examining trial, we cannot find a deprivation of due process in that denial.

■ Appellant's third contention is that the grand jury which indicted him was unconstitutionally convened because, at the time of the indictment, Texas law required grand jurors to be "freeholders." The court below found that the failure of Smith to challenge the grand jury either prior to trial or in the state trial court constituted a waiver of the right to challenge it in collateral proceedings. This precise issue has recently been before this Court in *Dumont v. Estelle,* 5 Cir. 1975, 513 F.2d 793, which fully supports the conclusion of the court below. Smith has alleged no "cause" or "prejudice" of the type described in *Dumont,* and so must be considered to have waived the right to argue this third issue. *See Francis v. Henderson,* 1976, —— U.S. ——, 96 S.Ct. 1708, 48 L.Ed.2d 149 [44 U.S.L.W. 4620, May 3, 1976].

For the foregoing reasons, the judgment denying habeas corpus relief is

AFFIRMED.