Lawrence BLOODWORTH,
Petitioner-Appellant,

v.

Joseph S. HOPPER, Warden, Georgia
State Prison, Respondent-Appellee.

No. 76–1950
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Lawrence Bloodworth, pro se.

Arthur K. Bolton, Atty. Gen., G. Stephen Parker, G. Thomas Davis, Asst. Attys. Gen., Robert S. Stubbs, II, Chief Deputy Atty. Gen., Richard L. Chambers, Deputy Atty. Gen., John C. Walden, Senior Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The appellant, Lawrence Bloodworth, seeks habeas corpus relief from confinement resulting from his 1971 Georgia conviction for burglary. He alleges that he was prejudiced by an unduly suggestive out-of-court identification procedure. He has raised this issue in state court, where his petition was denied without an evidentiary hearing.[1] The district court below, in denying the appellant's petition for habeas relief, declined to grant an evidentiary hearing. It relied instead on the state record and the record of the appellant's prior federal habeas corpus proceeding. Finding no facts alleged in this petition that if proved would entitle the appellant to relief, we affirm.

On the first day of the appellant's state trial, Peter Schenck, the night clerk of a motel, was unable to identify the appellant as one of four men who had checked into

the motel on the night of a burglary. On the next day of the trial, however, Schenck identified a picture of the appellant as that of one of the four men in question. The picture, taken shortly after the appellant's arrest, portrayed the appellant with a moustache and long hair. At trial, the appellant had no moustache and shorter hair. The appellant alleges that an agent of the Georgia Bureau of Investigation showed Schenck a single picture of the appellant for purposes of identification on the night after his failure to identify the appellant at trial. Schenck apparently testified at trial that an agent showed him a picture for identification purposes prior to trial.

The standard for reviewing identifications by photograph was set out by the Supreme Court in *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). We have applied that standard as a two-prong test. *See United States v. Gidley,* 527 F.2d 1345 (5th Cir. 1976). First, the court must decide whether the identification procedure was impermissibly suggestive. Second, the court must determine whether even an impermissibly suggestive identification creates "a very substantial likelihood of irreparable misidentification." *Simmons v. United States, supra,* 390 U.S. at 384, 88 S.Ct. at 971. Thus, even if the out-of-court identification were impermissibly suggestive, a subsequent in-court identification that is reliable independently of the latter might still be admissible. *See, e.g., Kelley v. Estelle,* 521 F.2d 238 (5th Cir. 1975).

The display of pictures solely of the suspect is one of the most suggestive and hence most objectionable methods of identification. *See Simmons v. United States, supra,* 390 U.S. at 383, 88 S.Ct. at 970; *United States v. Kimbrough,* 528 F.2d 1242, 1245 (7th Cir. 1976). There can be no doubt that the use of this procedure in the case at bar was impermissibly suggestive.

1. The state court did grant the appellant a full evidentiary hearing on his first habeas corpus petition, but the appellant did not raise the issue of improper identification procedures either in the first petition or at the evidentiary hearing. The instant petition for federal habeas corpus follows the appellant's second petition for state habeas corpus.

■ The next question is whether the identification was reliable in light of the totality of the circumstances even though the confrontation procedure was suggestive. *Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972), suggests some indicia of reliability: the opportunity of the witness to view the criminal, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation.

■ Applying these factors, the district court concluded that there was no likelihood of misidentification. The court noted that Schenck saw the petitioner in the motel and helped him register, that the time between the crime and confrontation was only about two months, and that the trial transcript revealed no uncertainty on the part of Schenck in identifying the photograph. We have upheld against habeas corpus challenge the admissibility of an in-court identification following the showing of a single photograph to the witness when the witness' testimony was found otherwise reliable. *See Kelley v. Estelle, supra,* 521 F.2d at 240.

■ When the facts underlying a habeas corpus challenge are in dispute, the federal court must hold an evidentiary hearing if the petitioner did not receive a full and fair evidentiary hearing in state court. *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 747, 9 L.Ed.2d 770 (1963). Here the appellant did not present the suggestive identification claim to the state court at the hearing on his first petition, and the state court declined to hold an evidentiary hearing on his second petition. If the matter of habeas relief depended on disputed issues of fact, we would require the district court to hold an evidentiary hearing and would rule that the lower court's denial of the appellant's petition was premature. *See, e. g., United States ex rel. Choice v. Brierley,* 460 F.2d 68, 73 (3d Cir. 1972) (district court must hold hearing where eye-witnesses to robbery upon whose in-court identifications defendant was convicted and who had been shown suggestive photographic array equivocated in identifying defendant at preliminary hearing). Although the appellee does not substantially dispute Bloodworth's account of the out-of-court identification procedure, the appellant does not dispute the facts that led the district court to conclude that Schenck's in-court identification of picture of appellant was independently reliable.

■ On the undisputed facts, supported by the record, the district court applied the correct principle of law.[2] It concluded that the identification procedure did not give rise to a very substantial likelihood of irreparable misidentification. The judgment of the district court is

AFFIRMED.

---

2. The Georgia courts found that Ga.Code Ann. § 50–127(10) operated to preclude the appellant's second habeas corpus petition. That statute provides that any ground for relief not raised by a petitioner's original or amended petition is deemed waived unless the United States Constitution otherwise requires. A similar state statute was upheld by the Supreme Court in *Murch v. Mottram,* 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972). That case holds that a federal court may deny a petitioner all relief if the state courts refused to entertain his federal claim on the merits under such a statute, though only after the federal court has satisfied itself, by hearing or otherwise, of the facts bearing on the applicant's default. In the case at bar the district court did not find that the appellant had waived his constitutional right, but rather reached the merits of his claim. We therefore do not reach the issue of waiver.