Gennero GALTIERI, Petitioner-Appellee,

v.

Louie L. WAINWRIGHT, Director,
Division of Corrections, .
Respondent-Appellant.

John MATERA, Petitioner-Appellee,

v.

Louie L. WAINWRIGHT, Director,
Division of Corrections,
Respondent-Appellant.

Nos. 75–4169 and 76–1006.

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 1977.

Rehearing Granted En Banc
Feb. 28, 1977.

Robert L. Shevin, Atty. Gen., Linda Collins Hertz, Asst. Atty. Gen., Miami, Fla., for respondent-appellant.

Milton E. Grusmark, Miami, Fla., for petitioners-appellees.

Before BROWN, Chief Judge, and TUTTLE and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

In 1967, the petitioners Galtieri and Matera were jointly convicted in the Florida state courts of robbery. They appealed unsuccessfully at the state court level[1] and in January 1973 filed a petition for habeas corpus in federal court. That petition was dismissed for failure to exhaust state remedies, and they turned again to the state's judicial machinery for assistance. Still finding no help there, Galtieri and Matera filed another habeas petition in federal court in January 1975. After an evidentiary hearing, the district court found a *Brady*[2] violation and granted the requested relief. The long strived-for success is short-lived, however, for we reverse.

In their 1975 petition, Galtieri and Matera asserted four points of constitutional error in their trial: (1) the *Brady* violation; (2) illegal wiretaps; (3) an improperly constituted jury venire; and (4) a violation of their right to appeal. The district court granted relief based on the first allegation, a contention which he found to have been exhausted in the state courts. It is uncontroverted here on appeal, however, that issues (2) and (3)—the wiretaps and jury venire—have not similarly been exhausted.[3]

The settled rule of this circuit is that exhaustion of state remedies in respect to *all* claims contained in a habeas petition is required before relief may be granted on *any* claim.[4] *Lamberti v. Wainwright*, 513 F.2d 277 (5th Cir. 1975); *West v. Louisiana*, 478 F.2d 1026 (5th Cir. 1973), *aff'd regarding exhaustion en banc*, 510 F.2d 363 (5th

1. See *State v. Matera*, 266 So.2d 661 (Fla.Sup. Ct.1972), *rev'g* 254 So.2d 843 (Fla.Dist.Ct.App. 1971); *Matera v. State*, 218 So.2d 180 (Fla.Dist. Ct.App.), *cert. denied*, 225 So.2d 529 (Fla.Sup. Ct.), *cert. denied*, 396 U.S. 955, 90 S.Ct. 424, 24 L.Ed.2d 420 (1969).

2. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

3. It is true that the petitioners challenged the selection of the jury venire in the Florida courts. See *Matera v. State*, 218 So.2d 180, 182–83 (Fla.Dist.Ct.App.), *cert. denied*, 225

So.2d 529 (Fla.Sup.Ct.), *cert. denied*, 396 U.S. 955, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1969). That challenge was based on state law, however. See Fla.Stat. § 40.41. In the petition before us they asserted that the venire was constituted unconstitutionally. Appendix 65–68.

4. Certain circumstances such as undue delay in the state courts may necessitate the court to examine exhausted claims while refusing to hear unexhausted ones. See, e. g., *Kelly v. Estelle*, 521 F.2d 238, 240–41 (5th Cir. 1975); *Singleton v. Estelle*, 492 F.2d 671, 676–77 (5th Cir. 1974). No such circumstances are presented here.

Cir. 1975). The petition before us runs afoul of this rule.[5]

We are well aware of the fact that other circuits have adopted a contrary approach. *See, e. g., Tyler v. Swenson,* 483 F.2d 611 (8th Cir. 1973); *Hewett v. North Carolina,* 415 F.2d 1316 (4th Cir. 1969); *United States ex rel. Levy v. McMann,* 394 F.2d 402 (2d Cir. 1968); *United States v. Myers,* 372 F.2d 111 (3d Cir. 1967); *cf. Watson v. Patterson,* 358 F.2d 297 (10th Cir. 1966). The Ninth Circuit has recently adopted our rule, however, agreeing that it best fosters federal-state comity and avoids piecemeal litigation. *Gonzales v. Stone,* No. 75–2451 (9th Cir. 1976). We on this panel, of course, are not at liberty to disregard our circuit's previously announced policy even if we desired to do so. *Davis v. Estelle,* 529 F.2d 437, 441 (5th Cir. 1976). This cause, therefore, is reversed and remanded for further proceedings in conformity with this opinion.[6]

REVERSED AND REMANDED.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, and THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL and FAY, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that these causes shall be reheard by the Court en banc on briefs without oral argument. The Clerk shall set a briefing schedule for the filing of supplemental briefs.

---

**5.** The petitioners claim that the state failed to raise the issue of exhaustion in the district court. Without deciding what effect such a fact would have, we find that this contention is clearly refuted by the record. *See* Appendix at 200.

There is also language in the district court's order to the effect that the petitioners had waived the wiretap and jury venire issues. No such "waiver" is reflected in the record, however. The matters were explicitly raised in the petition and were thoroughly explored at the evidentiary hearing. It is true that in the past we have affirmed a district court's decision dismissing a non-exhausted claim and granting relief on the merits of an exhausted one. *See, e. g., Moye v. Highsmith,* 460 F.2d 1388 (5th Cir. 1972), *aff'g sub nom. Moye v. Georgia,* 330 F.Supp. 290 (N.D.Ga.1971). *See generally Harris v. Estelle,* 487 F.2d 1293, 1296–97 (5th Cir. 1974). This was done, however, before the

crystallization of our "exhaustion of all claims" rule in *West* and *Lamberti.*

**6.** We also note that since the order of the district court granting relief the Supreme Court has further delineated the requirements and parameters of *Brady* violations in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The basic contention of the petitioners was that certain grand jury testimony of one of the witnesses was not disclosed. What exactly that testimony was, however, was not disclosed either before the district court or before us since a copy of the proceedings had never been obtained, even though there has never been a claim or finding of unavailability. The actual record should be before the court, if possible, for a *Brady* violation based thereon to be appropriately decided.