MEMORANDUM OPINION

**Donald Fred HOFFMAN, Petitioner,**

v.

**Louie L. WAINWRIGHT, and Jim Smith, Attorney General, the State of Florida, et al, Respondents.**

**No. 79–633–ORL–CIV–Y.**

United States District Court,
M. D. Florida,
Orlando Division.

Dec. 17, 1979.

Andrew A. Graham, Reinman, Harrell, Silberhorn, Moule & Boyd, P. A., Melbourne, Fla., for petitioner.

Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, Fla., for respondents.

GEORGE C. YOUNG, Chief Judge.

This cause is before the Court on the petition of Donald Fred Hoffman for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State of Florida has moved to dismiss the petition for failure to exhaust available state remedies.

Petitioner was arrested on December 24, 1975 and charged with possession of marijuana in excess of five grams. His motion to suppress was denied on April 15, 1975. His petition for common law certiorari filed on May 10, 1976, was denied November 9, 1976. His petition for certiorari filed in the Supreme Court of Florida on December 17, 1976, was denied on March 24, 1977. He filed a motion for discharge for violation of the speedy trial rule, which motion was denied on June 17, 1977. Trial commenced on June 27, 1977. He was convicted on June 30, 1977 by a jury of possession of cannabis and sentenced to five years.

On appeal to the First District Court of Appeal, he raised five points:

1. Violation of speedy trial;
2. Validity of search;
3. Error in evidentiary rulings;
4. Argument by prosecutor; and
5. Sufficiency of evidence.

As to the claim that his right to a speedy trial was denied, he raised in his brief on appeal only violation of Rule 3.191, Florida Rules of Criminal Procedure and violation of Article I, Section 16, Florida Constitution; he failed to assert that his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution was violated.

The First District affirmed per curiam. The Supreme Court denied certiorari.

Petitioner now raised two grounds in his petition:

1. Deprivation of right to speedy trial guaranteed by the United States Constitution; and

2. Sufficiency of evidence.

There is no dispute that petitioner has exhausted his available state court remedies as to the sufficiency of evidence claim. The dispute arises as to whether he has exhausted his state remedies as to the speedy trial claim. The State of Florida asserts that he has not presented to the state court the claim of denial of the right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, even though it is clear that he has presented to the state court the claim that his right to a speedy trial under Rule 3.191, Florida Rules of Criminal Procedure, and under Article I, Section 16, Florida Constitution was denied. (See appellants' brief, pp. 7–18, attached to the motion to dismiss filed in this case on January 15, 1980). The state argues that petitioner has failed to exhaust this claim by failing to raise the federal constitutional claim along with the state constitutional claim and the state rule claim. The state's argument is supported by language in *Galtieri v. Wainwright*, 582 F.2d 348, 353 (1978):

> "For a claim to be exhausted, the state court system must have been apprised of the facts *and the legal theory* upon which the petitioner bases his assertion. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Brown v. Allen*, 344 U.S. 443, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953)." (emphasis supplied)

An exhaustion issue similar to the case at bar was involved in the *Galtieri* case, *supra*. Galtieri had presented to the state court the claim that the jury venire was improperly constituted under state law. 545 F.2d 942 (5th Cir. 1977). In his § 2254 petition, Galtieri challenged the constitutionality of the selection of the jury venire. *Id.* In the opinion of Judge Tjoflat, prior to the grant of a rehearing en banc, he discussed the necessity of presenting both legal theories to the state court to satisfy the exhaustion requirement:

> "It is true that the petitioners challenged the selection of the jury venire in the Florida courts. (citations omitted). That challenge was based on state law, however. *See* Fla.Stat. § 40.41. In the

petition before us they asserted that the venire was constituted unconstitutionally. Appendix 65–68."

545 F.2d 942 n. 3 (5th Cir. 1977). Judge Tjoflat thus ruled that Galtieri failed to exhaust this claim. The en banc decision, also by Judge Tjoflat, supports this rule on exhaustion by requiring the state court to be apprised of both the facts and legal theories as to each claim. 582 F.2d at 353. *See also Van Poyck v. Wainwright*, 595 F.2d 1083 (5th Cir. 1979); *Watkins v. Estelle*, 527 F.2d 1336 (5th Cir. 1976). Judge Tjoflat stresses that "[a] major concern is that, without the exhaustion doctrine, the state court system would be isolated from federal constitutional issues and would not have an impetus to develop and apply federal constitutional law. [citations omitted]." 582 F.2d at 353–4. By failing to present his federal constitutional claim to the state court, the petitioner has directly contravened this policy.

This conclusion is consistent with the decision in *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). In the *Picard* case, Connor asserted in state court that his constitutional rights to the protection of a grand jury indictment were denied by the utilization of a "John Doe" warrant technique. In the federal habeas corpus review, the First Circuit raised sua sponte that the procedure by which he was brought to trial deprived him of equal protection guaranteed by the Fourteenth Amendment. *Connor v. Picard*, 434 F.2d 673 (1st Cir. 1970). The Supreme Court held that the equal protection claim was not exhausted even though the facts bearing on this claim had been presented to the state courts. 404 U.S. at 277–78, 92 S.Ct. at 513. The Court explained that "the constitutional claim the Court of Appeals found inherent in those facts was never brought to the attention of the state courts." *Id.*

In the *Picard* case, as in the case at bar, the petitioner never presented the substance of his federal habeas corpus claim to the state courts. This failure is evident from the brief filed by the petitioner in the

First District Court of Appeal, Case No. GG–384 (attached to the motion to dismiss filed in this case on January 15, 1980). Point One in the brief addressed the speedy trial issue (pp. 7–18):

Is the time for speedy trial automatically stayed when a defendant seeks common law certiorari and no order extending that time is entered?

This assignment of error in itself indicates that no federal constitutional issue was being raised. The argument in the brief never raises the issue of federal constitutional error and never cites a single federal case. Therefore, the only reasonable conclusion is that the petitioner has not presented his federal constitutional claim to the state courts.

In *Lamberti v. Wainwright*, 513 F.2d 277 (5th Cir. 1975), the Fifth Circuit applied a "substantial equivalent" test:

"A habeas petitioner need not spell out each syllable of his claim before the state courts in order to satisfy the exhaustion requirement of § 2254(b). It suffices that the substantial equivalent of a petitioner's federal habeas claim has been argued in the state proceedings."

*Id.* at 282. The record in this case is devoid of any indication that the state court was presented with or considered petitioner's federal constitutional claim. Nor has the petitioner asserted an exception to the exhaustion requirements which the *Galtieri* court indicated would justify foregoing exhaustion. 582 F.2d at 354–5. Therefore, it appears that this Court is required to dismiss the petition to allow the state courts to consider petitioner's claim that the delay in commencement of his trial violated the Sixth and Fourteenth Amendments to the United States Constitution. An order will be entered dismissing this case without prejudice.