218 So.2d 180 (1969)
John MATERA and Gennero GALTIERI, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 67-575, 67-806.
District Court of Appeal of Florida. Third District.
January 21, 1969.
Rehearing Denied February 20, 1969.
*181 Milton E. Grusmark, Miami Beach, Philip Carlton, Jr., Miami, and Louis Vernell, Miami Beach, for appellants.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
The appellants were tried and found guilty by a jury of the crime of robbery. These appeals, which were consolidated for appellate purposes, are taken from the judgment of conviction and sentence of the two appellants. They have presented six points on appeal, contending that reversible error was committed at various stages of the pretrial and trial proceedings. We shall examine these points in the order in which they occurred, rather than the order in which they have been presented on appeal.
In the course of all the proceedings, counsel for the appellants sought numerous continuances by motion to the trial court. These were denied, and the appellants now contend that two of these denials were abuses of the court's discretion. The robbery occurred on March 31, 1966, at the Harbor Island Spa. After the filing of the first information on April 15, 1966, but before the trial commenced, a series of discovery motions were filed by the appellants and granted in part by the court. The state filed a total of four informations in this case. The first was quashed by the state in September, 1966, at which time the second information was filed. On February 20, 1967, counsel for the appellant Galtieri filed discovery motions directed to that information. The state then quashed the information and then filed a third information on March 14, 1967, which was identical to the second one except for the addition of a third co-defendant. Again, counsel for Galtieri directed discovery motions to the third information, which were granted on March 21, 1967, the trial court allowing the state ten days to respond to the defendant's bill of particulars.
On March 24, 1967, the state quashed the third information and filed a fourth information, which differed from its predecessor in several non-essential details and also particularized in part the subject matter of the robbery. Then, on March 31, the state, still not having responded to defendant's bill of particulars, was granted a fifteen day extension of time in which to so respond. On April 17, 1967, both the appellants filed additional discovery motions *182 directed to the fourth information. These motions were again granted although the state responded by requiring the defendants to secure a court order as to the manner of inspection of tangible evidence it held. This response was pursuant to § 925.04 Fla. Stat., F.S.A., and although not common practice within the criminal bar, did not constitute an act of bad faith. The state did, however, on April 19, furnish a list of the names of its witnesses; a response declaring that it had no signed or unsigned statements of the defendants pertinent to the case; and an additional response to the defendants' motion for a bill of particulars consisting of written answers to questions regarding custody of stolen cash, the nature of an assault on one of the witnesses, and information as to additional witnesses.
Asserting that the state had been dilatory in its tactics and responses, the appellants moved for a continuance from the pending trial date of May 2, 1967, by a motion filed April 26, 1967. That same day, a hearing was held by the court on all pending motions, which included previous discovery motions plus the motion for continuance. At the conclusion of this hearing, the court decided to deny the motion for continuance, thus maintaining May 2 as the date for trial.[1]
Appellants now contend that this denial of continuance was an abuse of discretion and constitutes reversible error. On the other hand, the state argues that its responses were always made in good faith, and in strict accordance with the law. Moreover, our attention is drawn to the general rule that the trial judge is vested with broad discretion in matters of a requested continuance, and by virtue of his closeness and intimacy with the circumstances of the case, he will not be reversed on appeal unless there is a clear showing of a palpable abuse of this judicial discretion. Acree v. State, 1943, 153 Fla. 561, 15 So.2d 262; § 916.02(2) Fla. Stat., F.S.A. After close scrutiny of the record, we are in accord with the state's position that the trial court's action was not an abuse of its discretion.
Defendants made another motion for continuance on May 17, 1967, after voir dire, but before the actual commencement of the trial. The basis for the motion was that defense counsel had not had enough time in which to prepare a defense because of deliberate misrepresentations by the state as to the whereabouts of certain witnesses, and also because of the unavailability of certain defense witnesses. The court denied this motion. After searching the record, we must again rely on the aforementioned rule which vests a trial court with broad judicial discretion in matters of continuances, and therefore find no reversible error on this issue. As was said in Shepherd v. State, Fla. 1950, 46 So.2d 880, 885:
"Frequently the minds of reasonable men differ on what constitutes sufficient time to prepare for trial. The answer is found in the facts of each particular case."
Appellants have based a second point of their appeal on the contention that two of the jury members were disqualified to serve, and thefore the jury's verdict was void. The appellants' premise was that the two jurors in question were held over at the expiration of their seven day term as veniremen, and ultimately sworn in *183 as members of the trial jury nine days after they had been called as prospective jurors. The procedure for holding over prospective jurors is set forth in § 40.41 Fla. Stat., F.S.A., which states:
"Petit jurors shall serve for one week only, unless the circumstances in the opinion of the judge, requires such jurors to serve for a longer time."
We hold that the discretion given a trial judge by this statute was not abused in this case, and find no error in the court's handling of the selection of the jurors.
A third point on appeal is whether the court was in error when it admitted certain testimony of one of the witnesses. During the trial, the court called as its own witness Bruce Braverman who at the time was incarcerated in the state of New York. Initial questions were posed by the court regarding Braverman's knowledge of the defendants, and/or the crime. In response, the witness testified that he had no such knowledge. At this point, the state began its cross-examination, utilizing a transcript of the minutes taken at one of two[2] New York grand jury appearances by Braverman. This transcript contradicted the witness's earlier testimony, and the state proceeded to impeach Braverman by reading long excerpts over the objection of the defense. The record discloses a lengthy argument of law by the parties concerning the admissibility of the grand jury transcript, which resulted in the court cautioning the state as to the form of questions in an effort to keep the state's attorney within the proper bounds of cross-examination. Moreover, the court later granted an instruction requested by the defendant Matera, which read:
"* * *
"In this case, the court was called upon and did make Bruce Braverman a witness for the court. In calling him as a witness for the court, you (sic) are not to construe such fact as indicating that the court itself holds any opinion or belief whatsoever as to the credibility of such witness or in the truthfulness of the testimony that he produced. This witness' testimony concerning such matters shall be considered by you for the sole purpose of weighing the credibility of this witness and the testimony which he offered. Under this instruction, all excerpts read to you from prior testimony given by such witness in another court or before another body are to be considered by you for impeachment purposes only and you are directed not to consider the same as having any evidentiary value in this cause, or, stated another way, that such testimony shall not be used or considered by you in either proving or disproving any of the issues in this cause. Accordingly, only so much of the testimony of this witness which was not offered for impeachment purposes may be considered as evidence in this case."
We find no error in the court's actions. The scope of cross-examination lies within the sound discretion of the trial judge and is not subject to review except for a clear abuse. Baisden v. State, Fla. App. 1967, 203 So.2d 194; Johnson v. State, Fla.App. 1965, 178 So.2d 724. In view of the fact that Braverman was called as the court's witness, plus the admonitions of the court to counsel and the court's instruction to the jury, we hold that no prejudicial error was committed.
A fourth issue on appeal concerns whether the state proved the elements of ownership and asportation of the stolen property as part of its case in chief that the crime of robbery was committed. § *184 813.011 Fla. Stat., F.S.A. prescribes a criminal penalty for whomever:
"* * * by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny * * *"
The information charging the appellants with the crime of robbery alleged that the subject matter and the possessory interest therein were as follows:
"(1) Nine Thousand, Three Hundred and Fifty-eight Dollars ($9,358.00) belonging to the Harbor Island Spa, Inc., as owner and (2) numerous items of jewelry and cash, the exact value being unknown to the state attorney, belonging to the Harbor Island Spa, Inc., as bailee or custodian."
In order to prove that the possessory interest of the Harbor Island Spa, Inc., was greater than that of the defendants, the state produced testimony from both the night auditor and the comptroller of the Spa. These men gave uncontroverted testimony to the effect that they had knowledge of the fact that money and jewelry had been placed in the Spa's safety deposit boxes on the day of the robbery. Appellants did not, at trial or on appeal, assert that they had a superior possessory right to the property found in their possession. The jury, after hearing all the testimony in evidence, found that the property was either owned by the Harbor Island Spa, Inc., or was being held by the Harbor Island Spa, Inc., as custodian or bailee. We view the record as containing sufficient and competent evidence upon which the jury could base such findings and will not invade that province of the jury. See Hoover v. State, Fla.App. 1968, 212 So.2d 95. We agree with the state's contention that it is a long-settled rule that a criminal case will not be reversed where the evidence of guilt is ample, unless substantial rights have been violated and injury therefrom is clearly demonstrated, § 924.33 Fla. Stat., F.S.A. We hold that no substantial rights were violated as to proof of the elements of possessory interest and asportation of the cash and jewelry in question.
During the course of the trial, heated exchanges occurred between the state's attorney and defense counsel. Appellant argues, as a fifth point on appeal, that certain of these remarks either prejudiced the defendants' case, or referred to the defendants' failure to testify. We find this point to be without merit.
Finally, the appellant Galtieri has drawn attention to the fact that the transcript of testimony contains no adjudication of guilt having been entered against him in open court. Nevertheless, the record on appeal shows the entry of a judgment of guilty in the court's minutes. Notwithstanding the above discrepancy, and even assuming arguendo that the court did not make an oral adjudication of the guilt in open court, the general rule is that the absence of an oral adjudication will not render the written adjudication, oral sentence, and written sentence void. The judgment and sentence will merely be considered incomplete, and the trial court's jurisdiction to render a complete judgment and sentence continues until that function has been fulfilled. House v. State, 127 Fla. 145, 172 So. 734; Sylvia v. State, Fla.App. 1968, 210 So.2d 286. Therefore, on the authority of Hart v. State, Fla. 1952, 60 So.2d 489, the cause as to the appellant, Galtieri, is remanded for the purpose of entering a proper judgment; and upon such judgment being entered, the judgment will stand affirmed. The judgment and conviction of the appellant Matera is hereby affirmed.
Affirmed.
NOTES
[1] The record shows that the court first decided to grant the request for continuance, not on the grounds asserted in the defendants' motion, but rather as a personal accommodation to defense counsel, who was running for public office at the time. After some discussion, however, defense counsel indicated his intention to apply to the Federal District Court for a writ of prohibition based on certain actions that the state had taken with regard to the custodial status of one of the defendants. Upon learning of this, the court receded from its initial decision as to the continuance, and reinstated the original date, May 2, as the date of the trial. The trial actually began on May 3, 1967.
[2] Braverman was called before the New York grand jury twice, with the second such appearance resulting in an indictment against him. The state secured minutes of only the second such appearance, while the minutes of the first New York grand jury proceedings were not produced at this trial. Objections were made by the defendants, which were overruled. We specifically decline to rule on the correctness of the court as to this objection.