PER CURIAM.
The above two cases bearing the same style have been consolidated on appeal. Case No. W-284 is an appeal from an Order Denying Defendant’s Motion to Vacate and Set Aside Judgment and Sentence Under Rule 3.850, F.R.Cr.P. In his order denying the motion, the trial judge stated as follows:
“1. Upon accepting Defendant’s plea of guilty pursuant to plea bargaining the Court determined by questioning Defendant that there were facts to support the plea of guilty and that it was voluntarily made.
2. Defendant is presently taking an appeal to the First District Court of appeal and this Court has appointed the Public Defender to represent him and the County of Marion to pay the costs thereof as *486 provided by law. Defendant can assign on this appeal any errors he contends were made by this Court which can then be ruled upon by the Court of Appeal.
3. This Court heard evidence adduced by Defendant on his Motion to Mitigate sentence which was denied by this Court, which was the same as or similar to the evidence adduced by Defendant in support of his foregoing motion.”
Case No. V-310 is an appeal from appellant’s judgment and sentence and is the appeal which the trial judge referred to in Paragraph 2 of his Order Denying Motion to Vacate and Set Aside Judgment and Sentence. The sole point raised by appellant’s brief in the two consolidated appeals is that the lower court erred in accepting appellant’s pleas of guilty to the offenses of robbery and resisting arrest with violence without first determining that there was an underlying factual basis for the pleas as required by Rule 3.170(j), F.R.Cr. P. No assignments of error having been filed in either appeal, we are unable to consider this question. Redditt v. State, Fla., 84 So.2d 317, Belger v. State, Fla.App. (1st) 171 So.2d 574, Hernandez v. State, Fla.App. (1st) 273 So.2d 130, cert. den., 277 So.2d 287.
Affirmed.
McCORD and JOHNSON, JJ., concur.
RAWLS, C. J., specially concurs.