325 So.2d 430 (1976)
Oscar Arthur ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-168.
District Court of Appeal of Florida, Fourth District.
January 23, 1976.
Richard L. Jorandby, Public Defender, and Daniel T. O'Connell, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant, charged with robbery, as a result of plea negotiation withdrew his previously entered plea of not guilty and entered a plea of guilty to the lesser included offense of assault with intent to commit robbery, for which offense he was adjudged guilty and sentenced to fifteen years in prison.
Appellant's first point is that the court erred when it pronounced sentence without first adjudicating him to be guilty. His premise for this point is that the court reporter's transcribed notes of the proceedings at the time the court accepted the plea and at the time of the subsequent sentencing do not disclose that the court made an oral adjudication of guilt. An oral in-court adjudication of guilt is unquestionably desirable, certainly customary, but not essential to the validity of the judgment when there is a written judgment of guilty *431 rendered by the judge in open court and subsequently filed and recorded. The record reflects that such written judgment was rendered in open court at the time of sentencing and was subsequently filed and recorded. This is a sufficient compliance with Rule 3.670 RCrP.
The judgment and sentence are complete as they now stand on the record and absolutely no useful purpose could be served by our remanding this case to the trial court simply to go through the unnecessary formality of an oral adjudication of guilt as suggested by appellant and concurred in by appellee. But cf. Matera v. State, 218 So.2d 180 (Fla.App.3rd, 1969), which relied upon Hart v. State, 60 So.2d 489 (Fla. 1952). This last cited case required a remand for the purpose of entering a proper judgment because the judgment which had been entered failed to expressly adjudicate appellant guilty of the crime charged. Such is not the case here, as the judgment entered did expressly adjudicate appellant guilty of the crime charged.
Appellant's second point is that the trial court erred in failing to establish a factual basis for the plea of guilty. While the court's questioning in this respect was limited to the inquiry of whether appellant was actually guilty of the charge of assault with intent to commit robbery, to which an affirmative response was given by appellant, there is no showing by appellant of prejudice or manifest injustice, therefore no basis for a reversal of the judgment and vacation of the plea. Williams v. State, 316 So.2d 267 (Fla. 1975); Hall v. State, 316 So.2d 279 (Fla. 1975).
Appellant's third point is that the court erred by failing to establish that the plea was knowingly, willingly, understandingly and voluntarily entered. While the court's interrogation of appellant before accepting the guilty plea was not as extensive as appellant now suggests it should have been, nor did the court take advantage of the provisions of Rule 3.171(c) RCrP, the scope of the inquiry was adequate to withstand the attack now made on it.
The judgment and sentence are severally affirmed.
MAGER and DOWNEY, JJ., concur.