RAWLS, Judge.
By petition for writ of habeas corpus, Paxton seeks a belated appeal from his 1974 convictions of robbery and resisting an officer with violence. Petitioner refers us to this court’s opinion in Paxton v. State, 304 So.2d 485 (Fla. 1st DCA 1974), and alleges that this court affirmed his convictions without reaching the merits of his appeal because no assignments of error were filed therein.
In considering the instant petition, we have re-examined the original file in Paxton v. State, supra, and glean therefrom that on December 28, 1973, a four-count information was filed against Paxton and another co-defendant charging them jointly with: 1) robbery, 2) possession of a firearm during a criminal offense, 3) assault with intent to commit a felony, and 4) resisting an officer with violence. At the outset of the arraignment proceedings, Paxton’s attorney announced that Paxton wished to enter pleas of guilty to robbery and resisting an officer with violence. The trial court, prior to accepting the pleas of guilty, adduced from Paxton that he was 39 years of age; possessed a two-year college education; had never been treated for any mental illness nor to his knowledge had he ever suffered from any mental or emotional disability. The trial court further meticulously instructed Paxton as to the rights he was waiving and that a plea of guilty admitted the truth to the charge, and Paxton acknowledged that he understood the consequences of his plea and admitted that he committed the acts set forth in the charges. The following statement was made by Pax-ton: “As fur as the robbery goes, I just was in the store standin’ up, and the resistin’ arrest, I just drove the car away. I didn’t do nothin’ else.” The trial court advised him that the maximum offense for robbery was life imprisonment and the maximum offense for resisting arrest with violence was five years or five thousand dollars, and then adduced from Paxton that no threats, *178 force or other inducement save the agreement with the state to dismiss Counts II and III (possession of a firearm and assault with intent to commit a felony) had been given. Determining that the pleas of guilty were freely and voluntarily obtained with the advice of competent counsel, the trial court thereupon accepted them.
By the instant petition Paxton asserts that the failure of this court to rule upon the merits of the one assignment of error in his prior appeal (the trial court erred in accepting his pleas of guilty without first determining that there was an underlying factual basis for the pleas as required by Fla.R.Crim.P. 3.170[j]) deprived him of his constitutional right to an appeal. As reflected in the concurring opinion of the author of this opinion, the record was reviewed in the prior appeal. In addition, we now review the record in light of the Supreme Court’s opinion in Williams v. State,[1] 316 So.2d 267 (Fla.1975), and determine therefrom that Paxton has failed to show that a manifest injustice resulted from the trial court’s failure to inquire into great detail as to the factual basis upon which the negotiated pleas of guilty were accepted.
The petition for writ of habeas corpus is denied.
BOYER, C. J., and SMITH, J., concur.

. See also Ross v. State, 325 So.2d 430 (Fla. 4th OCA 1976).