PER CURIAM.
 

 We affirm the denial of Jeffery Brant-ley’s motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) but remand for the postconviction court to consider his sworn motion as filed pursuant to rule 3.850.
 

 Mr. Brantley was convicted of multiple offenses, including count five, unlawful sexual activity with a minor sixteen or seventeen years of age. The written judgment and sentence reflect an adjudication of guilt and a sentence on count five. The transcript
 
 [1]
 
 of the sentencing hearing does not record an oral adjudication of guilt or pronouncement of sentence on count five; instead, there are repeated references to “Count IV.” Mr. Brantley argues that the trial court’s oral pronouncements, which omit reference to count five, control over the written judgment and sentence on count five, resulting in an illegal sentence that is remediable under rule 3.800(a) pursuant to
 
 Williams v. State,
 
 957 So.2d 600, 603 (Fla.2007) (holding that “a motion alleging a discrepancy between ... oral and written sentences should be cognizable in a rule 3.800(a) proceeding”).
 

 The lack of an oral adjudication of guilt does not affect the validity of a written judgment of guilt that is properly ren
 
 *90
 
 dered. Fla. R.Crim. P. 3.670;
 
 Ross v. State,
 
 325 So.2d 430, 430-31 (Fla. 4th DCA 1976);
 
 Matera v. State,
 
 218 So.2d 180, 184 (Fla. 3d DCA 1969). Because there is no requirement that a judgment of guilt must be orally pronounced, the transcript in this case does not provide Mr. Brantley with a basis for relief.
 

 It is unnecessary to determine whether
 
 Williams
 
 applies to the alleged sentencing error in this case involving the
 
 absence
 
 of an oral pronouncement of sentence, rather than a discrepancy between the terms of the sentence as orally pronounced and the terms as written, as seen in
 
 Williams.
 
 A careful examination of the record reveals a reasonable basis to question the accuracy of the transcript of the sentencing hearing, thus creating a disputed issue of fact. As such, Mr. Brantley’s claim is not remediable under rule 3.800(a).
 
 See Blocker v. State,
 
 968 So.2d 686, 688 (Fla. 2d DCA 2007),
 
 review dismissed,
 
 985 So.2d 1089 (2008).
 

 Because the time for Brantley to seek relief under rule 3.850 had not yet run and his motion contained the oath required by that rule, we remand for the postconviction court to consider his motion pursuant to rule 3.850.
 

 Affirmed, but remanded for further proceedings.
 

 CASANUEVA, C.J., and KELLY and LaROSE, JJ., Concur.
 

 [1]
 

 . In the course of Mr. Brantley’s direct appeal, the record was reconstructed using transcripts prepared by Gregory Court Reporting. Transcripts that Quickscribe, Inc., had prepared previously were abandoned. The abandoned transcripts should not be used in any subsequent proceedings.
 

 We additionally note that in the course of reconstructing the record, a hearing was held to address gaps and other problems with the Gregory Court Reporting transcripts. However, sentencing was not an issue on appeal, and the transcript of sentencing was not addressed or discussed in the process of reconstructing the record.