PER CURIAM.
 

 This is an appeal of an order denying, in part, a motion for postconviction relief and to correct illegal sentence under Florida Rules of Criminal Procedure 3.800(a) and 3.850, Florida Rules of Criminal Procedure. We affirm.
 

 Defendant-appellant Orlando Ramos entered into a substantial assistance agreement in 2004. In 2005, the State charged him with violating the agreement by committing a new crime. After a hearing, a successor judge concluded that the defendant had violated the substantial assistance agreement and sentenced him to thirty years incarceration, as provided by the agreement.
 

 When the defendant entered into the substantial assistance agreement in 2004, the trial court accepted the guilty plea but deferred adjudication of guilt. At the violation hearing in 2005, the trial court found that the defendant had violated the agreement and imposed sentence. The trial court did not orally adjudicate the defendant guilty, but entered a written judgment of guilt and written sentencing order. The defendant contends that without an oral adjudication of guilt, the sentences are void. We reject the defendant’s claim.
 

 It is clear that the judgment was rendered in open court because it contains the defendant’s fingerprints. We agree with the Fourth District that “[a]n oral in-court adjudication of guilt is unquestionably desirable, certainly customary, but not essential to the validity of the judgment when there is a written judgment of guilty rendered by the judge in open court and subsequently filed and recorded.”
 
 Ross v. State,
 
 325 So.2d 430, 430-31 (Fla. 4th DCA 1976). “[N]o useful purpose could be served by our remanding this case to the trial court simply to go through the unnecessary formality of an oral adjudication of guilt....”
 
 Id.
 
 at 431.
 

 
 *143
 
 We have not overlooked this court’s decision in
 
 Matera v. State,
 
 218 So.2d 180 (Fla. 3d DCA 1969), but that case is not on point. In
 
 Matera
 
 the trial court had failed to enter a judgment. The court minutes reflected the entry of a judgment of guilty but we interpret the opinion to mean that a written judgment was not actually entered.
 
 Id.
 
 at 184. In those circumstances “[t]he judgment and sentence will merely be considered incomplete, and the trial court’s jurisdiction to render a complete judgment and sentence continues until that function has been fulfilled.”
 
 Id.
 
 This court remanded the matter to the trial court for entry of a written judgment. The
 
 Matera
 
 decision does not apply here because the written judgment has already been entered. We affirm on the remaining issues without comment.
 

 Affirmed.