NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BREANNA LEANNA JACKSON,  )
DOC #T82109,  )
      )
    Appellant,  )
      )
v.  )      Case No. 2D16-2708
      )
STATE OF FLORIDA,  )
      )
    Appellee.  )
_____ )

Opinion filed September 1, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Vivian T. Corvo,
Judge.

Breanna Leanna Jackson, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa,
for Appellee.


PER CURIAM.

      Breanna Leanna Jackson appeals the summary denial of her motion to

correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), in

which she argued that her sentence was illegal because the written sentence did not

conform to the trial court's oral pronouncement at sentencing.

In light of the State's concession and this court's decision in Blocker v. State, 968 So. 2d 686 (Fla. 2d DCA 2007), we reverse and remand for consideration of Jackson's motion pursuant to Florida Rule of Criminal Procedure 3.850. See Brantley v. State, 32 So. 3d 89, 90 (Fla. 2d DCA 2009) (noting that the time to seek relief under rule 3.850 had not yet run and that the motion contained the oath required by the rule). As we explained in Blocker, although the evidence that the postconviction court cited in its order denying Jackson's rule 3.800(a) motion provided a reasonable basis to conclude that a factual question existed with regard to the trial court's oral pronouncement, "such postconviction disputes can be resolved only after an evidentiary hearing." Blocker, 968 So. 2d at 693-94; see also Brantley, 32 So. 3d at 90 (stating that "[a] careful examination of the record reveals a reasonable basis to question the accuracy of the transcript of the sentencing hearing, thus creating a disputed issue of fact" and, therefore, remanding for consideration pursuant to rule 3.850). Accordingly, on remand, the postconviction court shall conduct an evidentiary hearing to resolve the question.

Reversed and remanded with directions.

CASANUEVA, MORRIS, and ROTHSTEIN-YOUAKIM, JJ., Concur.