Joseph Fabian GONZALES, Jr., Petitioner-Appellant,

v.

Walter T. STONE, Warden, Respondent-Appellee.

Nos. 75–2451 and 75–2627.

United States Court of Appeals, Ninth Circuit.

Oct. 19, 1976.

As Modified Dec. 13, 1976.

Joseph Fabian Gonzales, Jr., in pro. per.

Ellen Birnbaum Kehr, Deputy Atty. Gen. (argued), Los Angeles, Cal., for respondent-appellee.

Before TRASK, GOODWIN and KENNEDY, Circuit Judges.

TRASK, Circuit Judge:

These consolidated appeals come to us from the district court's dismissal of petitions for writ of habeas corpus. They involve an unresolved question in this circuit: Where a habeas corpus petitioner has not exhausted available state remedies with respect to all contentions raised in his federal petition, should a court decide the merits of any or all the claims? We hold that it must decline to decide any of the petition's issues until the available state remedy for every issue is exhausted.

## I

█ Gonzales [1] was convicted in Los Angeles Superior Court in 1971 of first degree burglary and assault with intent to commit rape, and was sentenced to state prison. He appealed directly to the California Court of Appeal, arguing ineffective assistance of counsel and insufficient evidence to support the charge of assault with intent to commit rape. The court affirmed his conviction. His applications to the Court of Appeal and the California Supreme Court to recall the remittitur on the ground that he did not receive effective assistance of counsel at trial were also denied. He has never sought relief by writ of habeas corpus in any of the state courts.[2]

On November 26, 1973, Gonzales filed in federal district court a petition for a writ of habeas corpus, and on January 23, 1974, he filed another habeas petition. Both petitions alleged: (1) ineffective assistance of counsel at trial; (2) lack of substantial evidence to support the conviction for assault with intent to commit rape; (3) false imprisonment because of the use of another person's criminal record in determining sentence and quality of imprisonment; and (4) mistreatment at the time of arrest. ´ The last two issues had not been raised in state court, and the district judge dismissed the petitions for failure to exhaust available state remedies.

In Gonzales' appeals to this court, he alleges false imprisonment, ineffective assistance of counsel and lack of substantial evidence to support his conviction, of which only the last two issues were raised and exhausted in state court.

## II

The facts show that Gonzales has not exhausted available state remedies as to every claim in his petition. Pursuant to 28 U.S.C. § 2254(b–c) (1970),[3] a federal court may not consider a habeas corpus petition until the exhaustion of available state remedies. Whether a court may consider a petition in which the available state remedies as to some, but not all, of the claims have been exhausted, however, is unclear.

Several circuits have held that unless the exhausted and unexhausted claims are in-

---

**1.** Gonzales brought his petition in No. 75–2451 under the name of Joseph Gonzales. He brought his petition in No. 75–2627 under the name of Bernie Gonzales. The record shows that Bernie and Joseph are the same person: Joseph Gonzales. Gonzales is *in propria persona*, and it is likely that his two petitions are the result of ignorance of the law. The appeals come to this court on the record of Joseph's petition, though the significant portions of Bernie's file are part of this record.

**2.** A petitioner who has presented his claims to the highest available state court on direct appeal is not required to show that he sought collateral review in the state courts. That additional step is not a condition to petitioning for federal habeas corpus relief. *Brown v. Allen,* 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Developments in the Law: *Federal Habeas Corpus,* 83 Harv.L.Rev. 1038, 1096 (1970).

**3.** 28 U.S.C. § 2254(b–c) (1970) provides:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

terrelated, a federal court shall decide the exhausted issues even though the same petition contains several grounds for relief that have not been exhausted in the state courts. *Johnson v. United States District Court,* 519 F.2d 738, 740 (8th Cir. 1975); *Hewett v. North Carolina,* 415 F.2d 1316, 1320 (4th Cir. 1969); *United States ex rel. Levy v. McMann,* 394 F.2d 402, 404–05 (2d Cir. 1968); *United States v. Myers,* 372 F.2d 111, 112–13 (3d Cir. 1967). *Cf. Watson v. Patterson,* 358 F.2d 297 (10th Cir. 1966). The Fifth Circuit, however, has held that, absent unusual circumstances, "a state prisoner seeking federal habeas corpus must exhaust available state remedies with respect to each claim in his habeas petition, or his petition will be denied by the federal courts." *West v. Louisiana,* 478 F.2d 1026, 1034 (5th Cir. 1973), *aff'd regarding exhaustion en banc,* 510 F.2d 363 (5th Cir. 1975).

The position of the Ninth Circuit on this issue is uncertain. In *Blair v. California,* 340 F.2d 741, 744–45 (9th Cir. 1965), the district court dismissed a habeas petition containing exhausted and unexhausted claims. We discussed the undesirability of letting a federal court pass upon issues that a state court would later review when it dealt with the petition's related, unexhausted claims.[4] In other cases, however, this court has considered exhausted claims which were accompanied by unexhausted contentions. *Phillips v. Pitchess,* 451 F.2d 913 (9th Cir. 1971), *cert. denied,* 409 U.S. 854, 93 S.Ct. 187, 34 L.Ed.2d (1972); *Davis v. Dunbar,* 394 F.2d 754 (9th Cir. 1968); *Schiers v. California,* 333 F.2d 173 (9th Cir. 1964). None of these opinions offered a general rule to follow or sound reasons for the court's decision to hear the exhausted claims.

We believe that the position of the Fifth Circuit is sound. The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity designed to give state courts the first opportunity to correct constitution-

al violations in state court convictions. It preserves the role of these courts in the application of federal law and bolsters their understanding of federally protected interests. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Developments in the Law, supra,* note 2, at 1094. A rule allowing a federal court to consider the exhausted claims in a petition for writ of habeas corpus would almost surely interfere with the state court's subsequent review of the petition's unexhausted, though frequently related, claims. This would impair comity.

Such a rule would also lead to piecemeal litigation, thereby frustrating the judicial policy against fragmentary appeals. *Parr v. United States,* 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956); *Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955). Piecemeal habeas appeals would result in inconsistent, uninformed decisions, and paradoxically, in an ultimate delay in the prompt review of constitutional claims.

Likewise, a rule allowing fragmented appeals would place another undesirable burden on the federal courts. Justice Powell, concurring in *Schneckloth v. Bustamonte,* 412 U.S. 218, 274, 93 S.Ct. 2041, 2071, 36 L.Ed.2d 854 (1972), after discussing the problems inherent in the use and misuse of habeas corpus, *id.* at 259–66, 93 S.Ct. at 2064 concluded:

"Perhaps no single development of the criminal law has had consequences so profound as the escalating use, over the past two decades, of federal habeas corpus to reopen and readjudicate state criminal judgments. I have commented in Part IV above on the far-reaching consequences: the burden on the system, in terms of demands on the courts, prosecutors, defense attorneys, and other personnel and facilities; the absence of efficiency and finality in the criminal process,

---

4. Due to the novel circumstances of the case, the application was held in abeyance while affording the applicant a reasonable opportunity to exhaust his state court remedy on the non-exhausted claim. The court emphasized, though, that if the applicant did not pursue this opportunity, "the application for a writ of habeas corpus shall be dismissed for failure to exhaust state court remedies." *Id.* at 745.

frustrating both the deterrent function of the law and the effectiveness of rehabilitation; the undue subordination of state courts, with the resulting exacerbation of state-federal relations; and the subtle erosion of the doctrine of federalism itself. Perhaps the single most disquieting consequence of open-ended habeas review is reflected in the prescience of Mr. Justice Jackson's warning that '[i]t must prejudice the occasional meritorious application to be buried in a flood of worthless ones.'" (Footnotes omitted.)

■ Because of our desire to foster federal-state comity and avoid piecemeal litigation, we hold that when more than one issue is presented in a petition for a writ of habeas corpus, the court will not address the merits of any issue until the available state remedies are exhausted as to every issue in the petition. This rule is not inflexible, however. When certain circumstances are present, such as a substantial or undue delay in state court proceedings, or when there is a reasonable explanation for failure to allege the unexhausted claims in earlier state proceedings, then considerations of fairness may require the court to examine the exhausted claims while refusing to hear the unexhausted issues. *See Kelley v. Estelle*, 521 F.2d 238, 240–41 (5th Cir. 1975); *Lamberti v. Wainwright*, 513 F.2d 277, 283–85 (5th Cir. 1975).[5]

Because no mitigating factors exist in this case, we apply the basic rule. The district court's dismissal is affirmed.

---

**5.** Our decision is compatible with recent Supreme Court opinions which also have limited the scope of habeas corpus relief in the interest of the administration of justice. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). In *Francis*, the Court stated: "This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forego the exercise of its habeas corpus power. *See Fay v. Noia*, 372 U.S. 391, 425–26, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)." 96 S.Ct. at 1710.