**UNITED STATES of America ex rel. Herbert REID, Petitioner,**

v.

**Kenneth DUNHAM, Warden of Arthur Kill Correctional Facility, and Robert Abrams, Attorney General of the State of New York, Respondents.**

No. 79 C 340 [X79 C 820].

United States District Court, E. D. New York.

Nov. 16, 1979.

Herbert Reid, pro se.

Eugene Gold, Dist. Atty., Kings County by Peter A. Weinstein, Asst. Dist. Atty., Brooklyn, N.Y., for respondents.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Petitioner, Herbert Reid, *pro se*, has filed in this Court a "Request for Rehearing" on an earlier petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In a Memorandum and Order dated June 26, 1979, this Court dismissed that petition without prejudice for failure to exhaust State remedies.[1] Petitioner has submitted with the present "request" additional papers purportedly indicating that he has now exhausted his State remedies. Although these papers are inconclusive, we will give

---

1. Another conviction of this petitioner has been the subject of a separate habeas corpus petition and Memorandum and Order of this Court.

That petition, stemming from a first degree robbery conviction, was denied on September 27, 1979 (Docket No. 79 C 820).

petitioner the benefit of the doubt and assume that he has exhausted at least to the extent that he claims.

Following a jury trial, petitioner was convicted of possession of a weapon in the third degree in New York Supreme Court, Kings County, on January 20, 1977, and was sentenced to a five (5) year term of imprisonment. He then appealed to the Appellate Division, Second Department, which affirmed his conviction on December 14, 1978. Petitioner then, through assigned counsel, sought leave to appeal to the New York Court of Appeals. Leave was apparently denied by Judge Wachtler, although the only documentation of this supplied by petitioner is a letter from his counsel to petitioner indicating that leave to appeal had been denied.[2] Nevertheless, we will now consider the grounds raised in petitioner's original petition, dated February 6, 1979.

Petitioner seeks relief on three grounds. First, he contends that there was insufficient evidence adduced at his trial to support the weapons possession conviction. Second, he asserts that the trial judge erred in his jury charge by failing to instruct that the presumption of knowing possession of weapons found in automobiles, embodied in New York Penal Law § 265.15 subd. [3] (McKinney's 1971), was "presumptive" and may be rebutted as an affirmative defense. Third, he claims that he was physically unfit to stand trial, so that he "could not testify on his own behalf" and was thereby denied a fair trial. We find that petitioner still has not exhausted his State remedies as to the first ground, despite the sequence of events outlined above, and that his second and third grounds are without merit.

## I

Subsection (b) of 28 U.S.C. § 2254 provides in pertinent part that a Federal Court may not consider a State prisoner's habeas corpus petition "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there

is . . . an absence of available State corrective process . . ." Further, subsection (c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."

This codification of the exhaustion-of-state-remedies doctrine reflects a long tradition in the case law. *See, e. g., Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Nelson v. George*, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970); *Ennis v. LeFevre*, 560 F.2d 1072 (2d Cir. 1977), *cert. denied*, 435 U.S. 976, 98 S.Ct. 1625, 56 L.Ed.2d 70 (1978). The policy underlying the doctrine has often been stated to be that of federal-state comity. *Picard, supra*, 404 U.S. at 275, 92 S.Ct. 509; *Fay v. Noia*, 372 U.S. 391, 419–20, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The result of the doctrine has been "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 409, 30 L.Ed.2d 418 (1971), *quoting Fay, supra*, 372 U.S. at 438, 83 S.Ct. 822.

An important corollary of the exhaustion doctrine is that the federal claim urged in a habeas corpus petition must actually have been presented to the State courts. Although it is often difficult to put precise labels on various claims, it is clear that "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard, supra*, 404 U.S. at 275–76, 92 S.Ct. at 512. Practical identity of the claims is required because "[t]he rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." *Id.* at 276, 92 S.Ct. at 512.

Petitioner's position here fails on the last point. Although it can fairly be said

---

2. . Respondents assert that petitioner's application was denied by certificate dated January 29, 1979. This Court, however, has not seen such

a certificate in either petitioner's or respondents' papers.

that he "has been through the state courts," at no time did he argue that his conviction was based on insufficient evidence. Neither in his Appellate Division brief nor in his counsel's letter to Judge Wachtler of the New York Court of Appeals did he raise the point; in the former, he argued only grounds two and three here, and in the latter, he sought leave to appeal only on the basis of ground two (although, of course, the Court of Appeals would have been free to consider the third ground, since it had been properly before the Appellate Division). Thus, petitioner would have this Court be the first to consider the insufficient evidence argument, an effort which runs directly against the Supreme Court's mandate in *Picard, supra.* We decline the invitation and dismiss the petition as to the first ground for failure to exhaust State remedies.

Were we to consider the merits of petitioner's first ground, we would be required to review the entire trial record to determine whether any "rational trier of fact" could have concluded that petitioner's guilt was proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. ——, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979). The Court made clear in *Jackson,* however, that such a review is necessary only in those cases where "settled procedural prerequisites for such a claim have otherwise been satisfied." *Id.* Thus, petitioner's failure to exhaust spares this Court the task of sitting as a second fact-finder in a case disposed of by New York's courts nine months ago.

## II

■ The question then arises as to whether or not this Court should decide the merits of those grounds as to which petitioner has exhausted his State remedies, in view of the fact that they appear in a single petition with his unexhausted grounds. Generally, where unexhausted claims appear frivolous or are unrelated to the exhausted claims the Court should not dismiss the entire petition and should instead pass upon the merits of the exhausted grounds. *See, e. g., United States ex rel. Anunziato v.*

*Deegan,* 440 F.2d 304 (2d Cir. 1971); *United States ex rel. Levy v. McMann,* 394 F.2d 402 (2d Cir. 1968); *United States ex rel. Wilson v. LaVallee,* 367 F.2d 351 (2d Cir. 1966); *United States ex rel. Herbert Reid v. Dunham,* 481 F.Supp. 366, (E.D.N.Y.1979) (Platt, D. J.). The reason for such a practice is that the desirability of adjudicating all grounds in a single habeas corpus petition does not outweigh the petitioner's interest in obtaining prompt federal consideration of his exhausted claims. *United States ex rel. Levy v. McMann, supra,* 394 F.2d at 404.

Moreover, it has been held in this Circuit that where a single petition contains both exhausted and unexhausted claims and the exhausted claims are substantially related to the unexhausted claims, the Court should dismiss the petition without prejudice to a renewal after State court consideration of the newly-raised issues. *See United States ex rel. DeFlumer v. Mancusi,* 380 F.2d 1018 (2d Cir. 1967); *United States v. McMann,* 348 F.2d 896 (2d Cir. 1965); *United States ex rel. Ferguson v. Deegan,* 323 F.Supp. 42 (S.D.N.Y.1971). This rule has developed for reasons of comity since a federal determination of the exhausted claims would probably interfere with the State Courts' subsequent determination of the unexhausted claims. *Gonzales v. Stone,* 546 F.2d 807, 809 (9th Cir. 1976). Additionally, the rule is designed to prevent piecemeal litigation pursuant to the judicial policy stated in *Parr v. United States,* 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1976); *Gonzales, supra,* 546 F.2d at 809.

■ However, it appears from the petition before this Court that petitioner's unexhausted claim is not sufficiently related to his exhausted claims so as to foreclose us from addressing the latter in this Memorandum and Order. Accordingly, we turn now to those.

■ New York Penal Law § 265.15 subd. [3] (McKinney's 1971) provides in pertinent part that the "presence in an automobile, other than a stolen one or a public omnibus, of any firearm . . . is presumptive evidence of its possession by all persons

occupying such automobile at the time such weapon . . . is found . . . ." Petitioner argues here, as he did in the State courts, that the trial judge erred by failing to instruct the jury that this presumption is rebuttable.

Had the judge given an instruction on the presumption itself, petitioner might have a point. The record indicates, however, that the judge gave no such charge. Rather, he instructed the jury only on the elements of the offense of criminal possession of a weapon and the rule that the burden of proof beyond a reasonable doubt lies with the prosecution. Presumably, the jury reached its guilty verdict on the basis of these instructions, and never considered the presumption. Accordingly, petitioner's contention is without merit and will not serve as a basis for relief.[3]

■ Finally, petitioner argues that he "was forced to trial despite the fact that being so ill, [he] could not testify on his own behalf." In support of this contention, he refers the Court to the medical records kept at the correctional institution at which he was incarcerated and the trial record. Apparently, petitioner is arguing here—as he did on his State appeal—that he was entitled to a pre-trial hearing to determine his physical capacity to stand trial.

We are convinced, however, that the trial judge committed no error in refusing a physical competence hearing. Our reading of the record indicates that petitioner, who complained of headaches throughout the trial, was examined on three separate occasions by four different doctors, all of whom reported to the judge that petitioner was physically able to be tried. (Trial Transcript at 417; 703; 885–87). These examinations were all ordered by the judge in response to petitioner's complaints. More importantly, at no time did petitioner either offer any evidence to rebut the doctors' reports ·or specifically request a hearing.

Because New York has established no statutory procedure providing for a hearing where a defendant claims that he is unable to stand trial because of physical incapacity,[4] we consider the matter to be wholly within the sound discretion of the trial judge. In this case, that discretion was properly exercised. If anything, the judge went out of his way to determine the validity of petitioner's complaints and to protect his right to a fair trial. Accordingly, we find petitioner's third asserted ground for relief to be without merit.

On the basis of the above, the present petition must be, and the same hereby is, dismissed without prejudice to a renewal after exhaustion of State remedies as to the first ground and denied as to the second and third grounds.

SO ORDERED.

---

3. Petitioner makes passing reference in his petition to the "unconstitutionality" of § 265.15. Suffice it to say here that the New York courts have consistently upheld the section's presumption, most recently in *People v. Dowling*, 44 N.Y.2d 999, 408 N.Y.S.2d 340, 380 N.E.2d 171 (1978).

4. *Cf.* New York C.P.L. Art. 730 (McKinney's 1971), which details the procedure where the alleged incapacity arises from a "mental disease or defect." It should be noted that in such a case a hearing will not be held unless a defendant specifically requests it.