UNITED STATES of America ex rel. John SULLIVAN, Appellant,

v.

Julius T. CUYLER, Superintendent, State Correctional Institution, Graterford, Pennsylvania, and the District Attorney of Philadelphia County, Appellees.

No. 78–1411.

United States Court of Appeals, Third Circuit.

Aug. 19, 1980.

Marilyn J. Gelb, Philadelphia, Pa. (argued), for appellant.

Michael F. Henry (argued), Steven H. Goldblatt, Asst. Dist. Attys., Edward G. Rendell, Dist. Atty., Philadelphia, Pa., for appellees.

Before ALDISERT and HUNTER, Circuit Judges, and GERRY, District Judge.*

---

* Honorable John F. Gerry, Judge of the United States District Court for the District of New Jersey, sitting by designation.

1. He alleged the following grounds for relief: (1) that the admission into evidence of color slides of the victims' bodies was a denial of due process; (2) that the factual basis underlying his conviction was so totally devoid of evidentiary support as to deny him due process; (3) that defense counsel had a conflict of interest because they also represented his two co–de-

OPINION OF THE COURT

PER CURIAM:

By direction of the Supreme Court, *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), John Sullivan's petition for habeas corpus relief from his conviction on two counts of first degree murder is once again before this court. The evidence supporting this conviction and the detailed procedural history of this case are fully set forth in this court's opinion, 593 F.2d 512 (3d Cir. 1979). We shall satisfy ourselves with a brief review of the case.

Sullivan was convicted of murdering John Gorey, a minor labor union official, and his girlfriend, Rita Janda. His conviction was affirmed by an equally divided Pennsylvania Supreme Court. *Commonwealth v. Sullivan,* 446 Pa. 419, 286 A.2d 898 (1971). Petitioner then filed the instant petition, alleging seven grounds for relief. *U. S. ex rel. Sullivan v. Cuyler,* 593 F.2d 512, 515–16 (3d Cir. 1979).[1] Two of these grounds concern us here. First, petitioner alleged that the factual basis underlying his conviction was so totally devoid of evidentiary support as to deny him due process. Second, petitioner alleged that he was denied effective assistance of counsel because his attorneys also represented his two other defendants whose interests conflicted with his. Sullivan based his ineffective assistance of counsel claim on the decision that Sullivan rest his defense without putting on any evidence.

The district court applied the standard of *Thompson v. Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960) and held that there was sufficient evidence to support the

---

fendants; (4) that counsel was ineffective for failing to object to certain testimony; (5) that counsel was ineffective for failing to reserve objections to the offering of a secret memorandum to the trial judge; (6) that the trial judge erred in his instructions to the jury so as to deny due process; and (7) that the failure of the prosecution to disclose to the defense certain evidence denied him due process. *U. S. ex rel. Sullivan v. Cuyler,* 593 F.2d 512, 515–16 (3d Cir. 1979).

conviction. On the issue of conflict of interest, the district court concluded that there could be no conflict because there was no "dual representation." To support this finding, the district court relied on the fact that two attorneys were involved in the defense, G. Fred DiBona [2] and A. Charles Peruto. Although each entered appearances on behalf of all three defendants, there was evidence that Judge DiBona was chief counsel for Sullivan, while Peruto had primary responsibility for the cases of the other two defendants. The court further found that even if there was "multiple representation," there was no conflict of interest in the case, either actual or potential. The district court denied the petition for habeas corpus.

On appeal, this court reached only the conflict of interest issue. We held, as a matter of law that there was sufficient involvement by both attorneys in all of the cases to constitute multiple representation. Moreover we found that there was at least a possibility of a conflict of interest, which, we held, was sufficient to constitute a violation of petitioner's sixth amendment right to effective assistance of counsel. Accordingly, we directed that the district court grant the petition for habeas corpus.

The Supreme Court granted certiorari, 444 U.S. 823, 100 S.Ct. 44, 62 L.Ed.2d 30 (1979) and vacated our order. The Court agreed that there was, in fact, dual representation, but held that a showing of a potential conflict of interest was insufficient to taint a criminal conviction. *Cuyler v. Sullivan,* 446 U.S. 335, 347, 100 S. Ct. 1708, 1717, 64 L.Ed.2d 333 (1980). Instead, the Court held that a defendant "must establish that an actual conflict of interest adversely affected his lawyer's performance." *Id.* The Supreme Court remanded to this court to apply the proper legal standard.

Although we are loath to volley this case within the federal courts, we think it appropriate that the case be remanded to the district court, so that it may be considered in light of the Supreme Court's decisions in both *Cuyler v. Sullivan* (as to actual conflict) and *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (as to sufficiency of evidence).

■ We turn first to the question of the sufficiency of the evidence. Subsequent to the district court's review of the evidence supporting Sullivan's conviction, the Supreme Court formulated a new standard for reviewing sufficiency of evidence in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The new standard requires evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense. The previous standard of *Thompson v. Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), which was applied here by the district court, was radically different from *Jackson* in that it permitted a conviction to be sustained unless there was no supporting evidence in the record. In light of the intervening Supreme Court decision, we exercise our discretion, *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976), to permit the district court to have the first opportunity to apply the *Jackson* formulation of sufficiency to the evidence on which Sullivan was adjudged guilty. We think this review is especially important in light of the Pennsylvania Supreme Court's even division when it reviewed the evidence supporting Sullivan's conviction. If the district court concludes that the evidence is insufficient under *Jackson,* the writ should issue and the court need not further address the remaining grounds in the petition.

■ Turning to the second issue, although the district court did not find the presence of actual conflict of interest rendering counsels' assistance ineffective, we note that it did so only after first finding that no "dual representation" existed. This court, however, has found that dual representation did exist. *Sullivan v. Cuyler,* 593

---

**2.** The late G. Fred DiBona subsequently became a Judge of the Court of Common Pleas in Philadelphia.

F.2d 512 (3d Cir. 1979), *aff'd* on this ground, reversed on *other grounds,* 444 U.S. 823, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Therefore, we think it appropriate that the district court reexamine its finding of no actual conflict with the certainty of knowledge of the existence of "dual representation" and with the benefit of the Supreme Court's pronouncements in *Cuyler v. Sullivan,* 444 U.S. 823, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

▉▉▉ As to the remaining claims in the petition for habeas corpus, we have not decided and will not pass upon them until the district court reconsiders the sufficiency of evidence and ineffective assistance of counsel claims. This best serves the policy disfavoring fragmented consideration of habeas corpus claims. *See, e.g., Gonzales v. Stone,* 546 F.2d 807 (9th Cir. 1976). Moreover unified consideration of the claims in the petition well satisfies the interests of justice because the cumulative effect of the alleged errors may violate due process, requiring the grant of the writ, whereas any one alleged error considered alone may be deemed harmless.[3]

The district court may, however, decide to reconsider any of these remaining issues on such terms and under such conditions as are appropriate.

The case will be remanded to the district court for proceedings consistent with the foregoing.

---

**3.** Some modern commentators have eschewed the policy of delayed review. For a thorough discussion setting out reasons for granting immediate habeas review, *see Note,* 52 N.Y.U.L. Rev. 1428, 1451–53 (1977).