Jerry W. GARRISON, Plaintiff-Appellant,

v.

D. J. McCARTHY, Superintendent,
Defendant-Appellee.

No. 79–2604.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1980.

Decided May 11, 1981.

Rehearing Denied Aug. 5, 1981.

Melville H. Behrendt, Jr., Oakland, Cal., for plaintiff-appellant.

W. Eric Collins, Deputy Atty. Gen., San Francisco, Cal., argued for defendant-appellee; Thomas A. Brady, Deputy Atty. Gen., San Francisco, Cal., on brief.

Before TRASK, WALLACE and AN-DERSON, Circuit Judges.

WALLACE, Circuit Judge:

Garrison, a state prisoner, appeals from the district court's dismissal of his petition for a writ of habeas corpus. He was con-victed in the state court on two counts of robbery, Cal. Penal Code § 211; one count of assault with a deadly weapon, Cal. Penal Code § 245(a); and one count of possession of a concealable firearm by a felon, Cal. Penal Code § 12021. In his habeas corpus petition, Garrison raises four constitutional challenges to his state conviction. We affirm the district court's dismissal of two of the issues due to Garrison's failure to exhaust his state remedies. We also affirm the district court's dismissal of the other two issues.

I

On August 4, 1976, at 7:00 p. m., an armed white male robbed the bartender and one customer at a bar in San Francisco. During the course of the robbery, the robber fired a gun towards the floor. The entire robbery took approximately three or four minutes.

Garrison was arrested the same evening between 7:15 and 7:30. The San Francisco police had pursued Garrison's car after receiving a description of the car and its license number from one of the patrons in the bar. Garrison jumped out of his car and ran into an alley, where he was eventually apprehended by the police. After his arrest, Garrison was booked and, subsequently, an officer initiated a conversation after advising Garrison of his *Miranda* rights. Garrison made incriminating statements during this conversation. He was found guilty after a jury trial of robbery, assault, and possession of a firearm. He was sentenced to state prison, where he is presently incarcerated.

Before his trial, Garrison had requested that Harriet Ross, his court appointed counsel, be relieved and that the court appoint a new attorney. That motion was denied by the state trial judge. He renewed the motion repeatedly during the trial, and each time it was denied.

Garrison appealed his conviction and the California Court of Appeal affirmed the judgment. The California Supreme Court denied Garrison's petition for hearing. He

then filed a petition for a writ of habeas corpus in federal district court. The district judge, without a hearing, granted Garrison leave to proceed in forma pauperis, but denied the petition and dismissed the action. Garrison appealed and was granted a certificate of probable cause.

Garrison seeks a writ of habeas corpus claiming: (1) he was denied a fair trial because of unduly suggestive identification procedures; (2) he was denied effective assistance of counsel at trial; (3) he had not effectively waived his *Miranda* rights; and (4) the prosecutor made improper remarks at trial. The district judge held that Garrison had failed to object at trial and had not shown "cause" and "prejudice" as required by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (*Sykes*); that he had failed to prove prejudice pursuant to *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979); and that the prosecutor's remarks did not deprive Garrison of a fundamentally fair trial.

## II

Garrison contends he could not have made an effective waiver of his *Miranda* rights because he was intoxicated and because he had requested to see an attorney. He also argues that the prosecutor's improper remarks at trial deprived him of a fair trial. We do not reach the merits of either of these issues, however, because we find that Garrison has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b).

■ Garrison raised these issues in his appeal to the California Court of Appeal. He failed, however, to raise them in his petition for hearing before the California Supreme Court. Because he has failed to present these claims to the highest available state court on direct appeal or through a state collateral review, he has failed to exhaust his state remedies. *See Gonzales v. Stone*, 546 F.2d 807, 808 n.2 (9th Cir. 1976).

■ Two of the four issues raised in the district court had been properly raised in the state courts. Our general rule is that "when more than one issue is presented in a petition for a writ of habeas corpus, the court will not address the merits of any issue until the available state remedies are exhausted as to every issue in the petition." *Gonzales v. Stone, supra*, 546 F.2d at 810. That rule is not inflexible. *Id.* We have held that when the district court has reached the merits of exhausted claims, we may review those exhausted claims and are not required to dismiss the entire petition. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). The reasons for reviewing exhausted claims that have been decided by the district court even though those claims are mixed with unexhausted claims are discussed in *Galtieri v. Wainwright*, 582 F.2d 348, 362 (5th Cir. 1978) (en banc). If we were to vacate the district court's judgment for want of exhaustion on all claims, Garrison could, after proper exhaustion of his state remedies as to two issues, relitigate in the district court the merits of all four claims, including the previously decided claims. "There is nothing to preclude the state court, if it reconsiders that claim . . . , or the district court, in round two, from reaching a result on the exhausted claim that is at odds with the district court's initial disposition." *Id.* Thus, the flexibility of the rule stated in *Gonzales v. Stone, supra*, allows us to balance the possibility of judicial duplication with comity concerns. Because the district court has addressed the merits of at least one of Garrison's exhausted claims,[1] we may review the exhausted claims. In this case, we conclude that it is better to do so.

## III

Garrison contends that he was denied a fair trial because of unduly suggestive iden-

---

1. The only exhausted claim that the district court actually considered on the merits was that of ineffective assistance of counsel. The trial judge disposed of the other exhausted claim, the suggestive photograph identification claim, on the basis of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

tification procedures. He argues that the photographs used in the photograph identification were unduly suggestive because: (1) four of the other six subjects pictured had mustaches or beards, contrary to the description of the suspect given at the scene of the crime; (2) although the robber had been described as white, two of the other six photographs were of men of different races; (3) Garrison's photograph was the only photograph bearing a date close to the date of the robbery; and (4) one of the eyewitnesses, Schnell, was told by police, prior to looking at the photograph array, that a suspect in the crime was already in custody.

▮ The district court denied relief on this claim, relying on *Sykes*, because Garrison's lawyer had failed to object to the photograph identification or the in-court identification during trial. In *Sykes*, the Court held that a defendant who failed to comply with a state's contemporaneous objection rule was not entitled to federal habeas review of the constitutional claim absent a showing of cause for noncompliance with the state rule and prejudice. California courts adhere to the contemporaneous objection rule barring appellate review of alleged errors that are not raised at trial by timely objection. *See People v. Hillery*, 10 Cal.3d 897, 112 Cal.Rptr. 524, 519 P.2d 572 (1974). Thus, we agree with the district court that absent a showing of cause and prejudice, Garrison is barred from raising this claim.

The Court in *Sykes* specifically left open the question of how the cause and prejudice standard would be precisely defined. *Sykes, supra*, 433 U.S. at 87, 90–91, 97 S.Ct. at 2506, 2508. Thus, the lower courts have been left with the difficult task of finding a workable definition for the cause and prejudice standard.

▮ The Court has placed the burden of showing cause on the defendant. *Id.* at 91, 97 S.Ct. 2508. Garrison contends that the failure to object was caused by the incompetency of his attorney. To determine whether this is a sufficient showing of cause, we must decide what the word

"cause" means. Will any showing of attorney inadvertence, ignorance, or mistake satisfy the cause prong, or will the defendant be required to show that the counsel's incompetence amounted to a Sixth Amendment violation? Although *Sykes* does not directly address the question, we do find that the opinion sheds some light on how it should be resolved.

In *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Supreme Court held that a criminal defendant's procedural default in state court would preclude the examination of the constitutional claim in a federal habeas corpus proceeding only if the default was a result of a deliberate bypass. *Id.* at 438, 83 S.Ct. at 848. The Court stated that the defendant must make " 'an intentional relinquishment or abandonment of a known right or privilege.' " *Id.* at 439, 83 S.Ct. at 849, *quoting Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The Court in *Sykes* said that the cause and prejudice standard was narrower than the deliberate bypass test of *Fay*. *Sykes, supra*, 433 U.S. at 87, 97 S.Ct. at 2506. The Court stated that it was rejecting a strict application of the deliberate bypass test for several different reasons. First, the contemporaneous objection rule encourages accuracy by requiring that constitutional claims be made "when the recollections of witnesses are freshest, not years later in a federal habeas proceeding." *Id.* at 88, 97 S.Ct. at 2507. Second, the rule promotes the finality of criminal litigation. If the trial judge excludes the evidence, the jury may acquit the defendant. Even if the defendant is convicted, "he will have one less federal constitutional claim to assert in his federal habeas petition." *Id.* at 89, 97 S.Ct. at 2509 (footnote omitted). Third, the contemporaneous objection rule maintains the integrity of the trial. The rule discourages lawyers from "sandbagging," by failing to object and taking a chance on a verdict of not guilty in the state court "with the intent to raise their constitutional claims in a federal habeas court if their initial gamble does not pay off." *Id.* at 89, 97 S.Ct. at 2507. The rule also discourages

state appellate courts from offering their own opinions on constitutional claims that have not been objected to in hopes of influencing the federal court on habeas corpus. *Id.* at 89–90, 97 S.Ct. at 2507–2508.

■ When the contemporaneous objection rule is involved, the focus is upon the reason why the attorney did not object. Ordinarily, an attorney will fail to make an objection for one of two reasons: either he or she makes a strategic decision not to object, or he or she fails to object because of inadvertence or ignorance of the law. To discourage lawyers from "sandbagging," the Court in *Sykes* stated that a defendant would ordinarily be bound by the trial decisions of his attorney. *Id.* at 91 n.14, 97 S.Ct. at 2508. Thus, we find that the threshold of the cause prong cannot be met when the attorney makes a tactical decision not to object, unless the defendant can show that the decision constitutes a Sixth Amendment violation. In contrast, in cases involving attorney inadvertence or ignorance, a lesser showing of incompetency of counsel should be sufficient for "cause." Other courts agree that for purposes of evaluating attorney ignorance or inadvertence, a defendant may satisfy the cause requirement with proof short of that necessary to make out a Sixth Amendment claim. *Collins v. Auger,* 577 F.2d 1107, 1110 n.2 (8th Cir. 1978) (dictum), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979).

■ In the instant case, we find that Garrison has not sufficiently demonstrated that his attorney's failure to object to the suggestive identification evidence was anything other than a tactical decision. Garrison's counsel argued at length to the jury in her closing argument that the witnesses' identification may have been the result of suggestive procedures, and that these procedures carried over to affect the in-court identification. She was, therefore, aware of the objection, but instead seems to have made a conscious decision to raise the sug-

gestive procedures in her closing argument. She may well have concluded that her objection would be overruled, perhaps in front of the jury. There is nothing in this record to show other than that Garrison's attorney had made a tactical decision not to raise the objection when the prosecutor attempted to admit the photograph identification evidence.

Because there has been a tactical decision not to object, Garrison must show that his attorney's intentional failure to object was the result of ineffective assistance of counsel rising to the level of a Sixth Amendment violation. To demonstrate constitutional ineffective assistance of counsel, Garrison must show that his counsel's failure to object was an error that "a reasonably competent attorney acting as a diligent conscientious advocate would not have made . . . ." *Cooper v. Fitzharris, supra,* 586 F.2d at 1330.

Given the total circumstances involved with the identification evidence, it has not been demonstrated that the failure to object was outside the range of competence demanded of attorneys in criminal cases. Three separate witnesses identified Garrison as the robber at trial. Two of the witnesses, Robles and Schnell, testified that Garrison was in the bar during the robbery for three or four minutes, and that they viewed him at close range, under good lighting conditions. They both gave reasonably accurate descriptions of the robber to the police shortly after the robbery, and selected Garrison's picture within two days of the robbery. We conclude that there was sufficient reliability to admit the identification evidence. *See Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972). As to Garrison's argument that the identification procedure was unduly suggestive because of the dates on the photographs, he has failed to show that the witnesses were even aware of the significance of the dates on the photographs. In fact, it is unclear whether the dates on the photographs were even visible to the

witnesses. The other objections to the evidence raised by Garrison were not significant.

Thus, in light of the overwhelming amount of evidence indicating the reliability of the identification evidence, we do not find that Garrison has shown that a reasonably competent attorney would necessarily have made the objection. It has not been demonstrated that it was outside the range of appropriate choices that a reasonably competent attorney would have in Garrison's case for counsel to elect not to risk an almost certain overruling of the objection, which might have prejudiced the jury against Garrison, and to argue the unreliability of the evidence to the jury in closing argument instead.

Because Garrison has failed to meet his burden of showing cause, we need not address the prejudice prong of the *Sykes* test. In addition, we are obviously precluded from reviewing this claim on the merits.

### IV

Garrison also contends that he was denied effective assistance of counsel at trial in violation of the Sixth Amendment. Because Garrison has exhausted this Sixth Amendment claim only as it relates to his counsel's failure to object to the photograph identification evidence, we need only address that aspect of the claim. *See* Part II, *supra*. In Part III of this opinion, we found that counsel's failure to object to the photograph identification evidence did not amount to a Sixth Amendment violation under *Cooper v. Fitzharris, supra*.

In conclusion, we affirm the district court's denial of relief based upon Garrison's failure to object at trial to the photograph identification evidence. We also affirm the district court's denial based upon Garrison's failure to establish incompetent counsel under *Cooper v Fitzharris, supra*. We do not consider the rest of Garrison's claims, because he has failed to exhaust those claims in the highest available state court. *Gonzales v. Stone, supra*, 546 F.2d at 808 n.2.

AFFIRMED.